**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Rocco Ciofoletti, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Securian Financial Group, Inc., Minnesota Life Insurance Company, Securian Life Insurance Company, and Minnesota Mutual Companies, Inc.<br><br>Defendants. | Case No. 0-18-cv-03025 (JNE/ECW) |

**Memorandum in Support of Defendants' Partial Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim**

Shawn M. Raiter (#240424)
David M. Wilk (#222860)
**Larson • King, LLP**
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN  55101
(651) 312-6500
sraiter@larsonking.com
dwilk@larsonking.com

Robert D. Phillips, Jr. (pro hac vice)
Kimberly K. Chemerinsky (pro hac vice)
Gillian H. Clow (pro hac vice)
**Alston & Bird, LLP**
333 South Hope St, 16th FL
Los Angeles, CA  90071
(213) 576-1000
bo.phillips@alston.com
kim.chemerinsky@alston.com
gillian.clow@alston.com

*Attorneys for Defendants*

## Introduction

This action (along with two other companion cases proceeding before this Court, *Larry Stospal v. Securian Financial Group, Inc., et al.,* Case No. 0:18-cv-03047-MJD- SER and *Brian Harrison v. Securian Financial Group, et al.,* Case No. 0-18-cv-03274-MJD-KMM) arises out of the sales of life insurance policies by independent agents who allegedly recommended inappropriate mechanisms for funding premium payments for those policies. Plaintiff Roccio Ciofoletti ("Plaintiff") seeks to impose liability on Minnesota Life for losses related to those sales.

Plaintiff's claims for fiduciary duty and aiding and abetting fiduciary duty against Minnesota Life fail because Plaintiff's allegations arise out of an alleged scheme perpetrated by independent third parties in which Minnesota Life was not involved. Plaintiff alleges that Future Income Payments, LLC ("FIP"), an entity neither affiliated with nor endorsed by Minnesota Life, orchestrated a scheme wherein it would purchase a portion of an individual's future pension streams at a "discount," in exchange for a lump sum payment. To fund the lump sum payments FIP paid to these consumers, FIP allegedly sold to Plaintiff and others like him the consumer's pension-generated cash-flow, and used that cash-flow to purchase Minnesota Life's insurance policies. Neither the written applications nor the independent agents disclosed to Minnesota Life the involvement of FIP in the funding "scheme" and Minnesota Life issued the policies without knowing the facts surrounding FIP's apparent involvement.

Minnesota Life brings this Rule 12 motion because Plaintiff cannot maintain claims for breach of fiduciary duty and aiding and abetting breach of fiduciary duty. Plaintiff's

1

claim for breach of fiduciary duty (First Cause of Action) fails under Minnesota law because Plaintiff does not plead and cannot show the requisite "special circumstances" necessary to support a fiduciary relationship between an insurer and an insured. Plaintiff's novel argument that Minnesota Life owes Plaintiff a fiduciary duty because it is a mutual company and Plaintiff is a member similarly fails, because before Plaintiff purchased his life insurance policy, Plaintiff was not a member of any mutual company and thus no fiduciary duty would have been owed him.

Plaintiff's claim for aiding and abetting breach of fiduciary duty (Third Cause of Action) also fails because Plaintiff does not plead and cannot show that Minnesota Life had actual knowledge of its agents and brokers' alleged breach of fiduciary duty with the requisite level of factual particularity.

Accordingly, this Court should dismiss Plaintiff's claims for breach of fiduciary duty (First Cause of Action) and aiding and abetting breach of fiduciary duty (Third Cause of Action), because Plaintiff does not plead claims on which relief may be granted.

**Factual Background**

Plaintiff seeks to represent a class of individuals who purchased life insurance policies from Minnesota Life Insurance Company or its affiliates, Securian Financial Group, Inc., Securian Life Insurance Company, and Minnesota Mutual Companies, Inc. ("Minnesota Life") using loans from FIP. Compl., ¶ 1.

The alleged "scheme," according to Plaintiff, involved FIP's purchase of pension payment streams from consumers at a purported discount. Compl., ¶ 24. The consumers would in turn receive a lump sum payment from FIP. *Id.* The consumer would then be

required to repay to FIP a larger total amount through a series of monthly payments, which, in the aggregate, was larger than the lump sum they received. *Id.* Plaintiff alleges that independent agents steered Plaintiff into purchasing FIP products, based on the promise that cash flow from the FIP products would finance his purchase of Minnesota Life insurance policies. *Id.*, ¶ 2.

Plaintiff alleges independent agents and brokers in the "Securian Financial Network" structured the FIP products together with Minnesota Life's policies. Compl., ¶ 28. The independent agent who sold Plaintiff his policy structured the policy sales so that some or all of the payment stream from FIP could be used to pay for Plaintiff's life insurance policy. *Id.*, ¶ 31.

In April 2018, FIP ceased making payments to income stream purchasers like Plaintiff, and, as a result, the policies could no longer be funded. Compl., ¶ 37. Plaintiff's policy lapsed. *Id.* Plaintiff brings this lawsuit seeking the return of premiums paid as well as money lost in the alleged illegal FIP loan scheme. *Id.*, ¶ 3.

Plaintiff alleges claims against Minnesota Life for breach of fiduciary duty (First Cause of Action), respondeat superior/vicarious liability for the alleged wrongful conduct of Minnesota Life's independent agents (Second Cause of Action), aiding and abetting breach of fiduciary duty (Third Cause of Action), and unjust enrichment (Fourth Cause of Action).

## Legal Standard

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *RBC Dain Rauscher, Inc. v. Federal Ins. Co.*, No. 03–2609, 2003 WL 25836278, at *3 (D. Minn. Dec. 2, 2003) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)), overruled on

other grounds by *Davis v. Scherer*, 468 U.S. 183 (1984)). In considering a 12(b)(6) motion, the court "must assume that all the facts alleged in the complaint are true," and generally construes the complaint in the light most favorable to the plaintiff. *RBC Dain Rauscher, Inc.*, 2003 WL 25836278, at *3. A court, however, need not "blindly accept the legal conclusions drawn by the pleader from the facts." *Id.*, quoting *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may dismiss a complaint where there is some "insuperable bar to relief" or where the complaint fails to "contain facts which state a claim as a matter of law." *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995).

## Argument

I. **Plaintiff's Breach of Fiduciary Claim Fails Because He Cannot State a Claim on Which Relief Can Be Granted.**

    A. **Plaintiff Does Not – and Cannot – Plead That "Special Circumstances" Exist Between an Insurer and Insured Sufficient to Constitute a Fiduciary Relationship.**

Under Minnesota law, "it is clear that special circumstances are required to create a fiduciary relationship between an insurer and insured." *RBC Dain Rauscher, Inc.*, 2003 WL 25836278, at *11. This Court addressed a similar issue, nearly two decades ago, in *Parkhill v. Minnesota Mut. Life Ins. Co.*, 174 F. Supp. 2d 951, 959 (D. Minn. 2000), involving the same life insurer involved in this case. There, the court found that there were no "special circumstances" sufficient to impose a fiduciary duty on defendant Minnesota Mutual – the plaintiff there was a policyholder with whom Minnesota Mutual always had an "arm's length" relationship, and that nothing indicated the relationship between plaintiff and Minnesota Mutual "was anything other than the normal relationship between an insurer and

the insured." *Parkhill*, 174 F. Supp. 2d at 960. As a result, the court there dismissed Plaintiff's breach of fiduciary duty claim because there were no "special circumstances."

To plead a claim for breach of fiduciary duty, the complaint "must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claim to avoid dismissal." *RBC Dain Rauscher, Inc.*, 2003 WL 25836278, at *11, (quoting *DuBois v. Ford Motor Credit Co.*, 276 F.3d 1019, 1022 (8th Cir. 2002)). A fiduciary relationship can arise between an insurer and insured "when confidence is reposed on one side, and there is resulting superiority and influence on the other; and the relation and duties involved in it need not be legal, but may be moral, social, domestic, or merely personal." *Id.* (quoting *Stark v. Equitable Life Assurance Soc. of U.S.*, 205 Min. 138, 148 (Minn. 1939)). A fiduciary relationship is not established, however, "simply by a long acquaintance between the parties, or by plaintiff merely having faith and confidence in defendant where plaintiff should have known defendant was representing an adverse interest." *Id.*, (quoting *S. Minnesota Mun. Power Agency v. City of St. Peter*, 433 N.W.2d 463, 468 (Minn. App. 1988)).

Plaintiff's Complaint does not allege facts upon which a fiduciary duty could have even arguably been created. Notably absent is any allegation of any "special circumstances" sufficient to find Minnesota Life owes Plaintiff a fiduciary duty. Plaintiff only generally alleges that Minnesota Life "acquired consistent and unlawful profits at the expense of Plaintiff…by creating, maintaining, and profiting from an illegal loan scheme" and that Minnesota Life's "acts and omissions constitute a breach of fiduciary duties owed to Plaintiff." Compl., ¶¶ 52-53.

Plaintiff's allegations are mere conclusions, and lack facts sufficient to overcome the general presumption that an insurer will not owe a fiduciary duty to an insured absent some special circumstance. The court's decision in *RBC Dain Rauscher, Inc.*, in which it granted the defendant's 12(b)(6) motion to dismiss the breach of fiduciary duty claim, is instructive. There, the court reviewed the plaintiff's fiduciary duty allegations and found they were too "meager" to state a claim upon which relief could be granted. *RBC Dain Rauscher, Inc.*, 2003 WL 25836278, at *12. Plaintiff there alleged that "under Minnesota law, insurers owe insureds a fiduciary duty." *Id.* The court rejected Plaintiff's "conclusory allegations of law and unwarranted inferences." *Id.*, citing *Silver v. H & R Block, Inc.*, 105 F.3d 394, 397 (8th Cir. 1997)); see also *Cherne Contracting Corp. v. Wausau Ins. Cos.*, 572 N.W.2d 339, 342-342 (Minn. App. 1997) (affirming dismissal for failure to state a claim for breach of fiduciary duty between an insurer and insured, explaining that "the reality is that a relationship created by an insurance contract necessarily involves competing interests, which often generate litigation between the insurer and the insured," and the plaintiff there did not allege facts rising to the level of a fiduciary relationship.).

Plaintiff's allegations do not include any mention of a "special circumstance" that would rise to the level necessary to find a fiduciary duty here. For instance, in *Stark v. Equitable Life Assurance Soc. of U.S.*, 205 Minn. 138 (Minn. 1939), the Minnesota Supreme Court found that an insurance company owed its insured a fiduciary duty only because of a provision in the insurance contract that encouraged the insured not to hire counsel, but instead to rely on the advice of the agent when settling claims under the insurance contract.

*In re Lutheran Broth. Variable Ins. Prods. Co. Sales*, 2004 WL 909741, at *11 (D. Minn. 2004)). No such allegations exist here.

Plaintiff's Complaint does not plead why the ordinary presumption against an insurer owing its insured a fiduciary duty should not be followed. There are no *factual* allegations that even arguably suggest that the relationship between Plaintiff and Minnesota Life was anything but arms' length. Nothing in the Complaint suggests that a "special relationship" existed and, as a result, Plaintiff's breach of fiduciary claim (First Cause of Action) fails as a matter of law.

> **B. Minnesota Life's Status as a Mutual Company Does Not Create Fiduciary Obligations to a Member-Owner Prior to Plaintiff's Purchase of a Life Insurance Policy.**

To the extent Plaintiff alleges that the "special circumstances" necessary to impose a fiduciary relationship between Minnesota Life and Plaintiff is that a mutual company owes a fiduciary duty to its member insureds, such a novel theory fails because it is neither supported by Minnesota law nor by the facts alleged in the Complaint.

Plaintiff's Complaint alleges that according to an industry group, the "National Association of Mutual Insurance Companies," it "should be assumed that mutual boards [and accordingly mutual companies] owe duties to their members…that are the same as the duties owed by directors of stock corporations to their shareholders." Compl., ¶ 49. Plaintiff alleges further that Minnesota Life (and Securian Life) are mutual insurance companies, "and, as such, are fiduciaries of their member-policy owners and owed fiduciary duties to Plaintiff…." *Id.*, ¶ 50.

In addition to the reasons stated in section IV.A.1, supra, that Plaintiff has failed to allege facts sufficient to impose a "special circumstance" here to merit a finding of a fiduciary relationship between an insured and an insurer, Plaintiff's breach of fiduciary claim also fails because even if a mutual company owes a fiduciary duty to its member policy-owners (and Minnesota law does not support such a theory), Plaintiff's allegations of wrongdoing against Minnesota Life all occurred before Plaintiff purchased his policy and thus, before any potential fiduciary duty would have been owed to him.

The crux of Plaintiff's allegations involves the sale of the FIP products and Minnesota Life's life insurance policies by independent agents and brokers. Plaintiff fails to allege how Minnesota Life would, as a mutual company, owe a fiduciary duty to an individual prior to the purchase of his insurance policies. For example, Plaintiff alleges that Minnesota Life "through agents and brokers in the Securian Financial Network, sold such policies to Plaintiff…and the same agents and broker structured the life insurance policy sales so that the payment stream from FIP would be directed" to Minnesota Life "to pay for the life policy sold to Plaintiff." Compl., ¶ 31. Plaintiff alleges further that Minnesota Life's "participation was a proximate cause of the FIP illegal loan scheme." *Id.*, ¶ 54. Plaintiff does not allege any violation of any purported fiduciary duty after the point of purchase.

The Court should dismiss Plaintiff's first claim for breach of fiduciary duty because Plaintiff fails to allege any "special circumstances" that would impose a fiduciary obligation on an insurer to an insured. Additionally, Plaintiff's novel theory that mutual company status confers a fiduciary duty owed to Plaintiff by Minnesota Life also fails, because Plaintiff's allegations against Minnesota Life all arise before or at the time of purchase of

8

Plaintiff's life insurance policies. There is no legal basis to find that Plaintiff's status as a member of a mutual company allows him to claim that the company owed him a fiduciary duty *before* he became a member-owner.

## II. Plaintiff's Claim for Aiding and Abetting Breach of Fiduciary Duty Fails Because Plaintiff Does Not and Cannot Prove that Minnesota Life Possessed Actual Knowledge of the Underlying Breach.

Under Minnesota law, "all who actively participate in the commission of a tort, or who procure, command, direct, advise, encourage, aid, or abet its commission, or who ratify it after it is done are jointly and severally liable" for the resulting injury. *Witzman v. Lehrman, Lehrman & Flom*, 601 N.W.2d 179 (Minn. 1999). Aiding and abetting liability does not require the existence of a pre-existing duty of care to a third party non-client. *Witzman*, 601 N.W.2d at 186. Instead, aiding and abetting liability is based on proof of scienter – the defendants must know that the conduct they are aiding and abetting is a tort. *Id.* In cases where aiding and abetting liability is alleged against professionals, Minnesota law requires courts to strictly interpret the elements of the claim, and require the plaintiff to plead with particularity facts establishing each of the following elements:

> (1) the primary tortfeasor must commit a tort that causes an injury to the plaintiff;
>
> (2) the defendant must know that the primary tortfeasor's conduct constitutes a breach of duty; and
>
> (3) the defendant must substantially assist or encourage the primary tortfeasor in the achievement of the breach.

*Id.* at 187.

Plaintiff's aiding and abetting allegations are deficiently plead, because he does not allege sufficient facts to support his claim that Minnesota Life had the requisite scienter –

9

that is, that they knew the primary tortfeasor's conduct constituted a breach of the duty. *Id.* Plaintiff alleges Minnesota Life "aided and abetted the breach of fiduciary duty by the Securian Financial Network brokers and agents," that the investment advisors owed a fiduciary to Plaintiff, and that Minnesota Life "knowingly participated in the breach, rendering substantial assistance and causing harm to Plaintiff and the class. At a minimum, the Defendants consciously avoided knowledge of the breach." Compl., ¶¶ 66, 68. Plaintiff also alleges that the Minnesota Life "participated in, and provided substantial assistance to, the Securian Financial Network's breach of fiduciary duty." *Id.* ¶ 70.

Plaintiff fails to satisfy the pleading standard requiring particularity for the second and third prongs, which are evaluated in tandem. *Witzman*, 601 N.W.2d at 188. Where there is a "minimal showing of substantial assistance, a greater showing of scienter is required." *Id.* In order to state a cognizable claim, a plaintiff must allege "specific facts" showing Minnesota Life knew the tortious nature of the primary tortfeasor's dealings. *Id.* Plaintiff fails to meet this requirement, pleading only the legal conclusion that Minnesota Life "knowingly participated in the breach" or, "[a]t a minimum,…consciously avoided knowledge of the breach." Compl., ¶ 68. Notably absent here are any *facts* sufficient to demonstrate Minnesota Life possessed actual knowledge, or how it obtained said knowledge.

Further, where the alleged conduct committed by the primary tortfeasor is not a facial breach of the duty – meaning it is not clearly tortious or illegal – courts have been even more reluctant to impose liability on an alleged aider and abettor for anything less than actual knowledge that the primary tortfeasor's conduct was wrongful. *Id.*, citing *Future Group II v. NationsBank*, 478 S.E.2d 45, 50 (S.C. 1996) (holding that a defendant could not be charged

with knowledge that a primary tortfeasor's conduct was a breach of duty when the acts were not facial violations of the primary tortfeasor's duty).

In *Witzman*, for example, the court found there that the defendant may have reasonably believed that the allegedly tortious dealings committed by the primary tortfeasor were a legitimate exercise of discretion by a trustee in that case. *Id.* Here, Plaintiff fails to plead how the torts allegedly committed by the independent insurance and financial advisors would be clearly tortious or illegal, sufficient to allow allegations of constructive knowledge rather than actual knowledge in order to support such a cause of action.

Plaintiff's allegation regarding Minnesota Life's substantially assisting its independent agents and brokers in carrying out the alleged breach is a mere conclusion without any supporting detail. Compl., ¶ 70. When evaluated in tandem, it is clear Plaintiff fails to satisfy the pleading standard for aiding and abetting fiduciary duty. Plaintiff's bare minimum, conclusory allegations of substantial assistance require a greater showing of scienter. Plaintiff fails to plead any facts supporting its allegation that Minnesota Life had knowledge of the actions of its independent agents and brokers. Accordingly, Plaintiff cannot support a claim for aiding and abetting breach of fiduciary duty and this Court should dismiss Plaintiff's claim as a result.

## Conclusion

In light of the foregoing, this Court should dismiss Plaintiff's claim for breach of fiduciary duty (First Cause of Action) and claim for aiding and abetting breach of fiduciary duty (Third Cause of Action), because Plaintiff cannot state claims upon which relief can be granted. This Court should grant Minnesota Life's Partial Motion to Dismiss in its entirety.

Dated: <u>December 14, 2018</u>	**Larson • King, LLP**

By <u>   s/ Shawn M. Raiter   </u>
Shawn M. Raiter (#240424)
David M. Wilk (#222860)
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN  55101
(651) 312-6500
sraiter@larsonking.com
dwilk@larsonking.com

and

Robert D. Phillips, Jr.
(Admitted *Pro Hac Vice*)
Kimberly K. Chemerinsky
(Admitted *Pro Hac Vice*)
Gillian H. Clow
(Admitted *Pro Hac Vice*)
**Alston & Bird, LLP**
333 South Hope St, 16th FL
Los Angeles, CA  90071
(213) 576-1000
bo.phillips@alston.com
kim.chemerinsky@alston.com
gillian.clow@alston.com