**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Rocco Ciofoletti, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Securian Financial Group, Inc., Minnesota Life Insurance Company, Securian Life Insurance Company and Minnesota Mutual Companies, Inc.,<br><br>Defendants. | Case No. 0:18-cv-03025 (JNE/ECW) |

**Defendants' Answer to Plaintiffs' Consolidated Amended Class Action Complaint**

Defendants Securian Financial Group, Inc., Minnesota Life Insurance Company ("Minnesota Life"), Securian Life Insurance Company, and Minnesota Mutual Companies, Inc. (collectively, "Defendants") by and through their undersigned counsel of record, hereby specifically answer the Consolidated Class Action Complaint ("Complaint") of Plaintiffs Rocco Ciofoletti and Larry Stospal ("Plaintiffs") in the above-captioned matter and assert defenses as follows:

Except as hereinafter admitted, qualified, or explained, Defendants deny each and every allegation set forth in the Complaint.

## **INTRODUCTION**

1. Defendants admit this is an action seeking to recover damages on behalf of Plaintiffs and members of the proposed class who purchased insurance from Defendants, but deny that certification of any class is appropriate under applicable law. The remaining allegations in Paragraph 1 of the Complaint contain legal conclusions and argument to which

no response is required. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 1 of the Complaint.

2. Defendants deny the allegations contained in Paragraph 2 of the Complaint.

3. Defendants admit that Plaintiffs purport to sue on their own behalves and on behalf of all other persons described in Paragraph 3 of the Complaint, but deny that certification of any class is appropriate under applicable law.

## JURISDICTION AND VENUE

4. Defendants admit this court has jurisdiction over the case pursuant to 28 U.S.C. § 1331. Defendants are without knowledge or information sufficient to respond to the remaining allegations contained in Paragraph 4 of the Complaint and, on that basis, deny the allegations.

5. Defendants admit that venue is proper in this District. Defendants deny the remaining allegations contained in Paragraph 5 of the Complaint.

## PARTIES

6. Defendants deny that Plaintiff Rocco Ciofoletti purchased a life insurance policy issued by Defendants. Defendants are without knowledge or information sufficient to respond to the remaining allegations contained in Paragraph 6 of the Complaint and, on that basis, deny the allegations.

7. Defendants admit that Plaintiff Larry Stospal purchased an Indexed Universal Life Policy product issued by Defendants in 2017 through an independent agent licensed to sell Defendants' products. Defendants are without knowledge or information sufficient to respond to the remaining allegations contained in Paragraph 7 of the Complaint and, on that basis, deny the allegations.

8. Defendants admit the allegations contained in Paragraph 8 of the Complaint.

9. Defendants admit the allegations contained in Paragraph 9 of the Complaint.

10. Defendants admit the allegations contained in Paragraph 10 of the Complaint.

11. Defendants admit the allegations contained in Paragraph 11 of the Complaint.

## **CLASS ACTION ALLEGATIONS**

12. The allegations in Paragraph 12 are legal conclusions and argument to which a response is neither appropriate nor required. To the extent a response is required, Defendants admit that this action is brought as a class action, but deny that certification of any class is appropriate under applicable law.

13. Paragraph 13 does not set forth an allegation against Defendants and therefore, no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to respond to the allegations contained in Paragraph 13 of the Complaint and, on that basis, deny the allegations.

14. Paragraph 14 does not set forth an allegation against Defendants and therefore, no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to respond to the allegations contained in Paragraph 14 of the Complaint and, on that basis, deny the allegations.

15. The allegations in Paragraph 15 are legal conclusions and argument to which a response is neither appropriate nor required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16. The allegations in Paragraph 16 are legal conclusions and argument to which a response is neither appropriate nor required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17. The allegations in Paragraph 17 are legal conclusions and argument to which a response is neither appropriate nor required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18. The allegations in Paragraph 18 are legal conclusions and argument to which a response is neither appropriate nor required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. The allegations in Paragraph 19 are legal conclusions and argument to which a response is neither appropriate nor required. To the extent a response is required,

Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20. The allegations in Paragraph 20 are legal conclusions and argument to which a response is neither appropriate nor required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21. The allegations in Paragraph 21 are legal conclusions and argument to which a response is neither appropriate nor required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22. The allegations in Paragraph 22 are legal conclusions and argument to which a response is neither appropriate nor required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23. The allegations in Paragraph 23 are legal conclusions and argument to which a response is neither appropriate nor required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24. The allegations in Paragraph 24 are legal conclusions and argument to which a response is neither appropriate nor required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 24 of the Complaint.

## SUBSTANTIVE ALLEGATIONS

### A. FIP Illegal Loan/Pension Monetization Scheme

25. Defendants are without knowledge or information sufficient to respond to the allegations contained in Paragraph 25 of the Complaint and, on that basis, deny the allegations.

26. Defendants are without knowledge or information sufficient to respond to the allegations contained in Paragraph 26 of the Complaint and, on that basis, deny the allegations.

27. Defendants are without knowledge or information sufficient to respond to the allegations contained in Paragraph 27 of the Complaint and, on that basis, deny the allegations.

28. Defendants are without knowledge or information sufficient to respond to the allegations contained in Paragraph 28 of the Complaint and, on that basis, deny the allegations.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint.

**B. Securian's Participation In the FIP Scheme Helps Life Policy Sales**

30. Defendants are without knowledge or information sufficient to respond to the allegations contained in Paragraph 30 of the Complaint and, on that basis, deny the allegations.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants respond that Minnesota Life's website speaks for itself as to its contents. Defendants deny the remaining allegations contained in Paragraph 33 of the Complaint.

34. Defendants respond that Minnesota Life's website speaks for itself as to its contents. Defendants deny the remaining allegations contained in Paragraph 34 of the Complaint.

35. Defendants respond that Minnesota Life's website speaks for itself as to its contents. Defendants deny the remaining allegations contained in Paragraph 35 of the Complaint.

36. Defendants are without knowledge or information sufficient to respond to the allegations contained in Paragraph 36 of the Complaint and, on that basis, deny the allegations.

37. Defendants admit that the BGAs listed in this paragraph have been appointed to sell Defendant's insurance products. Defendants are without knowledge or information sufficient to respond to the remaining allegations contained in Paragraph 37 of the Complaint and, on that basis, deny the allegations.

38. Defendants are without knowledge or information sufficient to respond to the allegations contained in Paragraph 38 of the Complaint regarding FIP. Defendants deny the remaining allegations contained in Paragraph 38 of the Complaint.

### C. Defendants Had Actual and Constructive Notice of the FIP Scheme

39. The allegations in Paragraph 39 are legal conclusions and argument to which a response is neither appropriate nor required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40. Paragraph 40 does not set forth an allegation against Defendants and therefore, no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to respond to the allegations contained in Paragraph 40 of the Complaint and, on that basis, deny the allegations.

41. Paragraph 41 does not set forth an allegation against Defendants and therefore, no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to respond to the allegations contained in Paragraph 41 of the Complaint and, on that basis, deny the allegations.

42. Paragraph 42 does not set forth an allegation against Defendants and therefore, no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to respond to the allegations contained in Paragraph 42 of the Complaint and, on that basis, deny the allegations.

43. The allegations in Paragraph 43 are legal conclusions and argument to which a response is neither appropriate nor required. To the extent a response is required, Defendants deny the allegations contained in paragraph 43 of the Complaint.

44. The allegations in Paragraph 44 are legal conclusions and argument to which a response is neither appropriate nor required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45. The allegations in Paragraph 45 are legal conclusions and argument to which a response is neither appropriate nor required. To the extent a response is required,

Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46. Paragraph 46 does not set forth an allegation against Defendants and therefore, no response is required. Defendants further respond that the NAIC Financial Condition Examination handbook speaks for itself as to its contents.

47. Paragraph 47 does not set forth an allegation against Defendants and therefore, no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to respond to the allegations contained in Paragraph 47 of the Complaint and, on that basis, deny the allegations.

48. The allegations in Paragraph 48 are legal conclusions and argument to which a response is neither appropriate nor required. To the extent a response is required, Defendants deny the allegations contained in paragraph 48 of the Complaint.

## FIRST CAUSE OF ACTION

### AGAINST ALL DEFENDANTS UNDER THE DOCTRINE OF RESPONDEAT SUPERIOR GIVING RISE TO STRICT VICARIOUS LIABILITY FOR THE WRONGFUL CONDUCT OF AGENTS AND BROKERS IN THE SECURIAN FINANCIAL NETWORK

49. Defendants incorporate by reference their responses to Paragraph 1 through 48 of the Complaint as if set forth fully herein.

50. The allegations in Paragraph 50 are legal conclusions and argument to which a response is neither appropriate nor required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51. The allegations in Paragraph 51 are legal conclusions and argument to which a response is neither appropriate nor required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52. The allegations in Paragraph 52 are legal conclusions and argument to which a response is neither appropriate nor required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53. The allegations in Paragraph 53 are legal conclusions and argument to which a response is neither appropriate nor required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54. The allegations in Paragraph 54 are legal conclusions and argument to which a response is neither appropriate nor required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55. The allegations in Paragraph 55 are legal conclusions and argument to which a response is neither appropriate nor required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56. The allegations in Paragraph 56 are legal conclusions and argument to which a response is neither appropriate nor required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57. The allegations in Paragraph 57 are legal conclusions and argument to which a response is neither appropriate nor required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 57 of the Complaint.

## SECOND CAUSE OF ACTION

## UNJUST ENRICHMENT

58. Defendants incorporate by reference their responses to Paragraph 1 through 57 of the Complaint as if set forth fully herein.

59. Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61. Defendants deny the allegations contained in Paragraph 61 of the Complaint.

## PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to the relief requested or to any relief at all.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses:

## **FIRST AFFIRMATIVE DEFENSE**

### **(Failure to State a Cause of Action)**

1. The Complaint fails to state a claim upon which relief may be granted.

## **SECOND AFFIRMATIVE DEFENSE**

### **(No Damages)**

2. Plaintiffs' and purported class members' claims for damages are barred, in whole or in part, because Plaintiffs and the purported class members received benefits from their purchase of the products, and nothing was wrongfully taken from any of them.

## **THIRD AFFIRMATIVE DEFENSE**

### **(Lack of Standing)**

3. Plaintiffs lack standing to bring some or all of the claims asserted in the Complaint.

## **FOURTH AFFIRMATIVE DEFENSE**

### **(Lack of Knowledge)**

4. Defendants did not know and, in the exercise of reasonable care, could not have known about the existence of the unlawful acts alleged in the Complaint to have been committed by FIP.

## **FIFTH AFFIRMATIVE DEFENSE**

### **(Negligence or Conduct of Others)**

5. If Plaintiffs and purported class members suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of others, and not by Defendants.

## **SIXTH AFFIRMATIVE DEFENSE**

### **(Fault of Plaintiffs)**

6. If Plaintiffs and purported class members suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed

to, in whole or in part, by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of Plaintiffs and purported class members themselves, and not Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

### (Intervening Acts)

7. The damages complained of were the result of the intervening actions of others and were not proximately caused by the actions or omissions of Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

8. Plaintiffs' and purported class members' claims are barred, in whole or in part, by the principles of assumption of risk because they knew about the risks and voluntarily undertook the risks that led to the injuries alleged in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

### (Lack of Vicarious Liability)

9. The Complaint fails to state facts sufficient to constitute a cause of action against Defendants because they are not vicariously liable for any alleged wrongful acts committed by agents and/or brokers which were not committed within the course and scope of their limited agency role as to Defendants.

## TENTH AFFIRMATIVE DEFENSE

### (No Control)

10. The Complaint fails to state facts sufficient to constitute a claim against Defendants because Defendants did not routinely control or direct the manner in which the agents/brokers performed their work.

### ELEVENTH AFFIRMATIVE DEFENSE

### (No Duty)

11.     Defendants owed no duty of care to Plaintiffs and putative class members to control the alleged conduct of the agents/brokers to the extent they acted outside the scope of their limited agency role as to Defendants.

### TWELFTH AFFIRMATIVE DEFENSE

### (No Causation)

12.     The Complaint fails to show that any alleged acts or omissions of Defendants caused the injuries or damages claimed by Plaintiffs and putative class members.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

13.     Plaintiffs and putative class members are barred from relief for their claims because they have failed to take reasonable and necessary steps to mitigate their alleged damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

14.     Plaintiffs' and putative class members' claims are barred, in whole or in part, by the equitable doctrine of estoppel.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

15.     Plaintiffs and putative class members, by their words, conduct and agreements, have waived the claims set forth in the Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Consent, Ratification or Acquiescence)

16.     Plaintiffs and putative class members consented to, approved, ratified or acquiesced to the acts and omissions about which they now complain, and, therefore, they are barred from pursuing this action.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Excuse/Justification)

17. The acts and omissions of Defendants, if any, were excused and/or justified by the information and facts available to them at the time such acts and omissions, if any, occurred.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

18. Defendants acted in good faith and have reasonable grounds for believing that their conduct did not violate any law and, in fact, Defendants' conduct did not violate any law.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Compliance with Law)

19. Defendants' conduct and activities were in compliance with applicable Federal and State law.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Contribution)

20. Any harm alleged can be attributed to several causes, and the damages for this harm, if any, should be apportioned among the various causes according to the contribution of each cause to the harm sustained.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Failure to Join Necessary Parties)

21. Plaintiffs' claims are barred, in whole or in part, because of their failure to join necessary and indispensable parties.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Class Action Improper – No Predominance of Common Questions)

22. Plaintiffs' action is not proper for class action certification pursuant to FRCP 23 as the questions of law and/or fact common to the purported classes do not predominate over the questions affecting the individual members of the purported class.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Class Action Improper – Lack of Typicality)

23. Plaintiffs' action is not proper for class action certification pursuant to FRCP 23 as Plaintiffs' claims are not typical of the claims of the purported classes.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Class Action Improper – Not An Adequate Representative)

24. Plaintiffs' action is not proper for class action certification pursuant to FRCP 23 as Plaintiffs are not adequate representatives.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Class Action Inferior)

25. Plaintiffs' action is not proper for class action certification pursuant to FRCP 23 because class action treatment is inferior to individual resolution of claims.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Class Action Improper – Not a Member of the Class)

26. Plaintiffs' action is not proper for class certification pursuant to FRCP 23 because one or both Plaintiffs are not a member of the class they seek to represent and cannot adequately represent its interests.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

27. Some or all of Plaintiffs' claims as well as claims by some putative class members may be barred by applicable statutes of limitations, laches, and/or other time bars.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Other Defenses)

28.     Defendants specifically give notice that they intend to rely upon such other defenses as may become available by law or pursuant to statute or may be revealed by discovery proceedings in this case and hereby reserve the right to amend the Answer to assert such defenses.

### REQUEST FOR RELIEF

WHEREFORE, Defendants pray for judgment as follows:

1. The Complaint be dismissed with prejudice;
2. The Court enters judgment for Defendants as to any and all matters;
3. Defendants be awarded their attorneys' fees and costs according to proof; and
4. For such other and further relief as this Court may deem just and proper.

DATED: April 1, 2019

*s/Shawn M. Raiter*
Shawn M. Raiter (#240424)
**LARSON KING**
30 East Seventh St., Ste. 2800
St. Paul, MN 55101
Tel:  (651) 312-6500
Fax: (651) 312-6618
sraiter@larsonking.com

Robert D. Phillips, Jr. (admitted *pro hac vice*)
Kathy J. Huang (admitted *pro hac vice*)
Gillian H. Clow (admitted *pro hac vice*)
**ALSTON & BIRD LLP**
333 South Hope Street, Sixteenth Floor
Los Angeles, CA   90071
Telephone:  (213) 576-1000
Facsimile:  (213) 576-1100
bo.phillips@alston.com
kathy.huang@alston.com
gillian.clow@alston.com