## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| ROCCO CIOFOLETTI, and LARRY STOSPAL, on behalf of themselves and all others similarly situated,<br><br>                Plaintiff,<br><br>-vs-<br><br>SECURIAN FINANCIAL GROUP, INC., MINNESOTA LIFE INSURANCE COMPANY, SECURIAN LIFE INSURANCE COMPANY and MINNESOTA MUTUAL COMPANIES, INC.,<br><br>                Defendants. | Case No.:  0-18-cv-03025-JNE-ECW<br><br>**RULE 26(f) REPORT** |

The parties/counsel identified below participated in the meeting required by Fed. R. Civ. P. 26(f) and the Local Rules, on April 10, 2019, and prepared the following report.

The initial pretrial conference in this matter is scheduled for May 3, 2019, before United States Magistrate Judge Elizabeth Cowan Wright, in Chambers, Suite 342, of the Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, Saint Paul, Minnesota 55101.

## DESCRIPTION OF CASE

      1.    Concise factual summary of Plaintiff's claims;

            Plaintiffs contend that Defendants participated in the illegal loan scheme of Future Income Products LLC (or affiliates) ("FIP") in order to sell insurance policies to Plaintiffs and members of the Class.  The illegal loan scheme was utilized by Securian Network agents and brokers to finance premiums on Securian insurance policies purchased by Plaintiffs and members of the class.  Since 2014, FIP's illegal

loan scheme was the subject of regulatory investigations in at least 20 states, several of which ordered FIP to cease doing business in their state.  Nonetheless, Defendants' network of Securian Network financial advisors continued to utilize the FIP loan scheme products to finance premium payment on Defendants' policies sold to Plaintiffs and class members until at least late 2017.

Based on the foregoing, Plaintiffs have asserted respondeat superior claims against Defendants for the wrongful conduct of the agents and brokers in the Securian Financial Network, and unjust enrichment claims.

2.      Concise factual summary of Defendant's claims/defenses;

Securian Financial Group, Inc., Minnesota Life Insurance Company, Securian Life Insurance Company, and Minnesota Mutual Companies, Inc. (collectively, "Minnesota Life") deny the allegations in the Consolidated Amended Class Action Complaint as set forth in their Answer, and have asserted affirmative defenses.

Minnesota Life's insurance products are sold by independent agents who also sell the products of other insurers.  These agents are not captive agents.  The scope of authority granted to them by Minnesota Life is limited to the solicitation and sale of Minnesota Life insurance policies and does not extend to the recommendation or sale of investments, particularly where those agents are not licensed to do so.  Minnesota Life did not participate in the FIP loan scheme, did not encourage such premium funding strategies, and did not authorize the independent agents to recommend that potential insureds use the FIP loan scheme products to finance premium payments on Minnesota Life insurance policies.

3.      Statement of jurisdiction (including statutory citations);

This court has jurisdiction over this case pursuant to 28 U.S.C § 1331.  In addition, the sum or value of the claims in this case, exclusive of interest and costs, exceeds $5,000,000 and Plaintiff and other class members are citizens of states different than the Defendants. Therefore, this Court has jurisdiction over the remaining causes of action pursuant to 28 U.S.C § 1332(d).

At all relevant times, the claims arose in this District because Defendants are based here and conduct their operations here. As such, the unlawful conduct alleged herein originated in and arose out of this District. Furthermore, Defendants reside and/or maintain a principle place of business in this district. Venue in the District of Minnesota is therefore proper pursuant to U.S.C § 1391(a).

4.    Summary of factual stipulations or agreements;

**TO BE DISCUSSED**

5.    Statement of whether jury trial has been timely demanded by any party;

Plaintiffs have demanded trial by jury of all issues so triable.

6.    Statement of whether all process has been served, all pleadings filed, and any plan for any party to amend pleadings or add additional parties to the action;

a)  Plaintiffs' respective complaints have been served on all Defendants.

b)  Plaintiffs reserve the right to amend the pleadings to add claims for fiduciary breach and claims under the Racketeering Influenced and Corrupt Organizations Act 18 U.S.C. 1961 *et. seq.,* and claims for sales, participation in sales of unregistered

securities under Section 5 of the Securities
act of 1933 as the evidence adduced through
fact discovery is reviewed and analyzed.

7.    If applicable, a list of all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured; and

a) Not applicable

8.    If the parties would like the case resolved under the Rules of Procedure for Expedited Trials of the United States District Court for the District of Minnesota, a statement of the parties' agreement to that effect.

## CLASS CERTIFICATION MOTION (*if applicable*)

1.    Plaintiff(s) shall file their motion for class certification on or before December 2, 2019.

2.    Defendant(s) shall file papers in opposition on or before March 2, 2020.

3.    Plaintiff(s') reply shall be filed on or before May 4, 2020.

## DISCOVERY

Pursuant to Fed. R. Civ. P. 26(f), the parties must prepare a discovery plan that is designed to maximize the efficiency of pretrial case preparation. The parties must review and address each of the matters set forth in Fed. R. Civ. P. 26(f)(3)(A)-(F) and design a discovery plan that is appropriate and proportionate to the case. The Court expects counsel and parties to cooperate in the development and implementation of the discovery plan.

The details of the discovery plan should be set forth in this Report. The following discovery schedule and limitations are intended to guide the parties and should be useful in the ordinary case; however, the parties are encouraged to reach agreement on, and suggest to the Court, a discovery plan that takes into account the unique circumstances of the individual case. To the extent the parties cannot reach agreement on any particular item, they should set forth their separate positions in this section so that they can be discussed at the Pretrial Conference.

## FACT DISCOVERY

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

1. The parties must make their initial disclosures required by Rule 26(a)(1) on or before April 24, 2019.

2. Fact discovery procedures shall be commenced in time to be completed on or before May 15, 2020.

3. The parties **do not** believe that discovery should be conducted in phases or limited to or focused on certain issues or certain sources before others. (If so, describe.)

4. The parties propose that the Court limit the use and number of discovery procedures as follows:

   a) No more than a total of 25 interrogatories, counted in accordance with Rule 33(a), shall be served by each side.[1]

   b) The number of document requests shall not be limited, in accordance with Rule 34. The parties understand that objections to document requests must meet the requirements of Rule 34(b)(2)(B).

   c) No more than 25 requests for admissions shall be served by each side.

5. Rule 35 Medical Examinations will not be applicable in this case.

6. No more than 15 depositions, excluding expert witness depositions, shall be taken by either side. Plaintiffs or Defendants may determine additional depositions beyond this number are needed. If that happens, the Parties will meet and confer in an attempt to reach agreement on additional depositions. If the Parties are unable to reach agreement, the Party, or Parties, seeking additional depositions may request additional depositions from the Court.

7. Where appropriate, the parties are encouraged to discuss possible additional agreements concerning limitations on the number and/or length of

---

[1] The parties shall discuss and include in this section whether the proposed limitations should be per side or per party, along with definitions of those terms if needed. They shall also discuss and include whether any of the limitations should refer to the number of requests served *by* a particular party or side or *on* a particular party or side.

depositions, procedures for noticing and taking Rule 30(b)(6) depositions, the arrangements that may be needed for depositions taken outside the U.S. and/or in a language other than English, and other issues that, if addressed early, could make deposition discovery more cost-effective and avoid costly and time-consuming disputes.

The parties have reached the following additional agreements concerning the taking of depositions: The parties do not believe any additional agreements concerning depositions are necessary.

8.   The parties have agreed upon the following additional limitations on discovery procedures:  The parties do not believe any additional agreements concerning discovery procedures are necessary.

9.   <u>Other discovery issues</u>.

    a)   Discovery of Electronically Stored Information.  The parties have discussed issues about preservation, disclosure, production, or discovery of electronically stored information, as required by Fed. R. Civ. P. 26(f), and have attached a proposed draft ESI Order for the Court's consideration.

    b)   Claims of Privilege or Protection.  The parties have discussed issues about claims of privilege and of protection as attorney work-product or trial preparation materials, as required by Fed. R. Civ. P. 26(f), including whether the parties agree to a procedure to assert these claims after production, or have reached any other agreements under Fed. R. Evid. 502, and have attached the proposed Protective Order for the Court's consideration.

## EXPERT DISCOVERY

1.   (In class action cases, indicate separately whether pre-class certification experts will be needed and provide the following information for disclosure as to such experts as well.)

    a)   Plaintiffs will disclose the identities of any expert witnesses offered at the class certification stage and provide written reports and other disclosures required under Fed. R. Civ. P. 26(a)(2)(A)(B) and (C) at the time of filing of Plaintiffs' Motion for Class Certification.

b)      Defendants will disclose the identities of any expert witnesses offered at the class certification stage and provide written reports and other disclosures required under Fed. R. Civ. P. 26(a)(2)(A)(B) and (C) at the time of filing of Defendant's Opposition to Plaintiffs' Motion for Class Certification.

2.      The parties anticipate that they will require expert witnesses at trial, and propose that the Court establish the following plan for expert discovery:

a)      Plaintiffs anticipate calling up to 3 experts at trial.  Defendants anticipate calling 3-4 experts. Each party may take one deposition per expert.

i)   The Parties believe that deadlines should be identified by who bears the burden of proof on an issue.

b)      Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B) (accompanied by the written report prepared and signed by the expert witness) and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

i)       Rule 26(a)(2)(A) identities and Rule 26(a)(2)(B) disclosures for parties bearing the burden of proof[2] will be made on or before July 24, 2020.

ii)      Rebuttal identities and disclosures on or before September 25, 2020.

c)      Expert discovery, including depositions, shall be completed by November 20, 2020**.**

## NON-DISPOSITIVE MOTION DEADLINES

The parties propose the following deadlines for filing non-dispositive motions:

1.      Except as provided in paragraph 4 below, all motions that seek to amend the pleadings or to add parties must be filed and served on or before:

---

[2]     The parties should indicate whether, given the issues in the case, it would be more meaningful to identify the deadlines for the disclosing party by who bears the burden of proof on an issue rather than by plaintiff or defendant.

December 2, 2019.

2.      All motions that seek to amend the pleadings to include punitive damages, if applicable, must be filed and served on or before:

December 2, 2019.

3.      Except as provided in paragraph 4 below, all non-dispositive motions and supporting documents, including those that relate to fact discovery, shall be filed and served on or before:

June 1, 2020.

4.      All non-dispositive motions and supporting documents that relate to expert discovery shall be filed and served on or before:

December 2, 2020.

## PROTECTIVE ORDER

If either party believes a Protective Order is necessary, the parties shall jointly submit a proposed Protective Order, identifying any terms on which the parties disagree so they can be discussed in connection with the pretrial conference. [**NOTE:** The Court has recently revised its suggested protective order form and the parties are encouraged to consult that form in preparing a proposed protective order for entry by the Court (***http://www.mnd.uscourts.gov/local_rules/forms/Stipulation-for-Protective-Order-Form.pdf*** or ***http://www.mnd.uscourts.gov/local_rules/forms/Stipulation-for-Protective-Order-Form.docx***).] No protective order may include language purporting to obligate the Court or the office of the Clerk of Court to destroy or return confidential documents to the parties after the conclusion of the case. The parties are also reminded that their Stipulation for Protective Order must be filed in CM/ECF and a Word version of the document must be e-mailed to the chambers e-mail box.

The absence of a protective order entered by the Court will not be a basis for withholding discovery or disclosures. If any document or information responsive to discovery served in this case is deemed confidential by the producing party and the parties are waiting for the Court to enter a protective order, the document shall be marked "Confidential" or with some other Confidential designation (such as "Confidential - Outside Attorneys Eyes Only") by the producing party and disclosure of the Confidential document or information shall be limited to each party's outside attorney(s) of record and the employees of such outside attorney(s). After the Court enters a protective order, such documents and information shall be treated in accordance with the protective order.

a)     A proposed Protective Order is attached hereto.

## DISPOSITIVE MOTION DEADLINES

The parties believe that expert discovery must be completed before dispositive motions are filed.  The parties recommend that all dispositive motions be filed and served on or before January 15, 2021, that responses to dispositive motions be filed and served by March 15, 2021, and that replies to dispositive motions be filed and served by April 15, 2021.

## SETTLEMENT

1.     The parties must conduct a meaningful discussion about possible settlement before the initial pretrial conference, including a written demand by the Plaintiff(s) and a written response by each Defendant.  The parties must also discuss whether private mediation or an early settlement conference with the Court (or another form of alternative dispute resolution) would be productive and, if so, when it should occur and what discovery, if any, would be necessary to conduct before such a conference.

The results of that discussion, including any proposals or recommendations, are as follows:  The parties believe that private mediation – either after a significant amount of fact discovery has taken place or after an order on class certification – will be productive.

2.     Each party will email to Magistrate Judge Wright's chambers, no later than **one (1) week before** the pretrial conference, a confidential letter of no more than three (3) pages, setting forth what settlement discussions have taken place, whether the party believes an early settlement conference would be productive, what discovery each party believes is necessary before an early settlement conference can take place and any additional, confidential information about the party's interest in settlement or possible settlement proposals as may be of assistance to Magistrate Judge Wright in planning or furthering early settlement efforts.  [**NOTE:**  This confidential letter should not advance arguments or positions on issues that may come before Magistrate Judge Wright for ruling.]

3.     The Court will discuss this topic with the parties at the pretrial conference and will set a date for an early settlement conference or for a status conference to determine when the case will be ready for a productive settlement conference.

**TRIAL**

1.    Trial by Magistrate Judge:

The parties **have not** agreed to consent to jurisdiction by the Magistrate Judge pursuant to Title 28, United States Code, Section 636(c).  (If the parties agree, the consent form, signed by both parties, should be filed with the Clerk of Court.)  Please note that if the parties consent to magistrate judge jurisdiction, <u>all</u> proceedings, including trial by jury, if any, will be before the magistrate judge assigned to the case.

a)    **TO BE DISCUSSED**

2.    The parties agree that this case will be ready for trial **90 days after the Court issues a ruling on dispositive motions**.

a)    The anticipated length of the jury trial is 10-15 days.

Dated:  April 26, 2019

s/Daniel E. Gustafson
Daniel E. Gustafson (#202241)
Karla M. Gluek (#238399)
Amanda M. Williams (#341691)
Daniel J. Nordin (#392393)
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN  55402
Tel: (612) 333-8844
dgustafson@gustafsongluek.com
kgluek@gustafsongluek.com
awilliams@gustafsongluek.com
dnordin@gustafsongluek.com

Lee Squitieri (*pro hac vice*)
**SQUITIERI & FEARON, LLP**
32 East 57th Street
12th Floor
New York, New York 10022
Tel: (212) 421-6492
lee@sfclasslaw.com

Kenneth A. Wexler (*pro hac vice*)
Kara A. Elgersma (*pro hac vice*)
**WEXLER WALLACE LLP**
55 W. Monroe Street
Suite 3300
Chicago, Illinois 60603
Tel: (312) 346-2222
kaw@wexlerwallace.com
kae@wexlerwallace.com

*Interim Co-Lead Counsel for*
*Proposed Class*

Dated: April 26, 2019

s/Shawn M. Raiter
Shawn M. Raiter (#240424)
**LARSON KING**
30 East Seventh St., Ste. 2800
St. Paul, MN 55101
Tel:   (651) 312-6500
Fax:  (651) 312-6618
sraiter@larsonking.com

Robert D. Phillips, Jr. (*pro hac vice*)
Rachel A. Naor (*pro hac vice*)
**ALSTON & BIRD LLP**
560 Mission Street, 21st Floor
San Francisco, CA  94105
Telephone: (415) 243-1999
Facsimile: (415) 243-1001
bo.phillips@alston.com
rachel.naor@alston.com

Kathy J. Huang (*pro hac vice*)
Gillian H. Clow (*pro hac vice*)
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA  90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
kathy.huang@alston.com
gillian.clow@alston.com

*Attorneys for Defendants*
*Securian Financial Group, Inc.,*
*Minnesota Life Insurance Company,*
*Securian Life Insurance Company, and*
*Minnesota Mutual Companies, Inc.*

# **<u>Stipulated Electronic Discovery Protocol</u>**

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| ROCCO CIOFOLETTI, et al., on behalf of themselves and all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　　　-vs-<br><br>SECURIAN FINANCIAL GROUP, INC., MINNESOTA LIFE INSURANCE COMPANY, SECURIAN LIFE INSURANCE COMPANY and MINNESOTA MUTUAL COMPANIES, INC.,<br><br>　　　　　　　Defendants. | Case No.: 18-cv-3025-JNE-ECW<br><br>**STIPULATED ELECTRONIC DISCOVERY PROTOCOL** |

Plaintiffs Rocco Cioffoletti and Larry Stospal, and Defendants Securian Financial Group, Inc.; Minnesota Life Insurance Company; Securian Life Insurance Company; and Minnesota Mutual Companies, Inc. (collectively, the "Parties") respectfully request that the following Stipulated Electronic Discovery Protocol be entered by the Court in the above- referenced case (the "Litigation"). In an effort to control costs and reduce the volume of electronically stored information ("ESI") that is not relevant to the matter, the parties hereby stipulate and agree to the following:

## A.　General

　　1.　The Parties shall take reasonable steps to comply with the protocol set forth herein.

　　2.　To the extent reasonably possible, the production of documents shall be

conducted to maximize efficient and quick access to Documents and minimize related discovery costs. The terms of this Stipulation should be construed so as to ensure the prompt, efficient, and cost- effective exchange of information consistent with the Federal Rules of Civil Procedure, the Local Rules, and any Orders by this Court.

3.       Except as specifically limited herein, this Stipulation governs the production of discoverable documents by the Parties during the Litigation.

4.       This Stipulation shall not enlarge, reduce, or otherwise affect the proper scope of discovery in this Litigation, nor imply that discovery produced under the terms of this Stipulation is properly discoverable, relevant, or admissible in this or in any other litigation.  Additionally, this Stipulation does not enlarge, reduce, or otherwise affect the preservation obligations of the Parties.

5.       Subject to the Parties' objections and responses to requests for production of documents, all documents that are responsive to discovery requests and not designated as "privileged" shall be produced in the manner provided herein.  Nothing in this Stipulation shall be deemed to limit or modify in any way the terms of the Protective Order that has been entered or any future protective orders that may be entered in this Litigation.  Nothing in this Stipulation shall be interpreted to require disclosure of materials that a Party contends are not discoverable or are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege that may be applicable.  Additionally, nothing in this Stipulation shall be deemed to waive or limit either Party's right to object to the production of certain electronically stored information, pursuant to Rule 26(b)(2)(B) of the Federal Rules of

Civil Procedure, on the ground that the sources are not reasonably accessible because of undue burden or cost.

6.     The Parties agree to promptly alert all other Parties concerning any technical problems associated with complying with this protocol.  To the extent compliance with this Stipulation imposes an undue burden with respect to any protocol, source, or search term, the Parties shall promptly confer in an effort to resolve the issue. If the Parties are unable to resolve the issue by mutual agreement after such conference, the Party seeking relief may move the Court for relief for good cause shown.

**B.     Definitions**

1.     "Electronically stored information" or "ESI" shall include all electronic files, documents, data, and information covered under the Federal Rules of Civil Procedure.

2.     "Bates Number" means a unique number affixed to each page of a document produced in the Litigation.

3.     "Document" shall include both Hard Copy Documents and Electronic Documents as defined herein.

4.     "Database" means a collection of related Electronic Data organized (often in rows, columns and tables) in an electronic environment for a particular purpose. Databases often perform various functions, including data analysis, data sorting, and report generation. Microsoft Access and Oracle are common database platforms.

5.     "Electronic Document" means Documents existing in electronic form at the time of collection, including but not limited to: email, word processing files (e.g.,

3

Microsoft Word), computer presentations (e.g., PowerPoint slides), spreadsheets (e.g., Excel), and image files (e.g., .PDF).

6.      "Hard Copy Document" means Documents existing in paper form at the time of collection.

7.      "Metadata" means corresponding data about and Electronic Document that resides in the un-viewed area of an Electronic Document and is generally not seen when such a Document is printed (e.g., date created, date sent, author).

8.      "Native Format" means the format in which an Electronic Document was created and used (also referred to in terms of "Native Production").

9.      "Producing Party" shall refer to the party producing documents and ESI in response to a discovery request propounded by another party.

10.      "Receiving Party" shall refer to the party receiving documents and ESI in response to a discovery request propounded by the Receiving Party.

**C.      General Search Guidelines**

1.      After the exchange of each Party's first set of documents requests, the Parties agree to confer and negotiate in good faith with regard to a mutually agreeable list of search terms to be used by the producing Party to collect relevant documents, as well as the relevant date range for such searches.  Should the Parties not reach agreement on a mutually agreeable list of terms or date range(s) to be used by the producing Party, the Parties will seek assistance from the Court to resolve the issue.

**D.      Format of Documents Produced**

1.      <u>Hard Copy Documents</u>:  Hard-copy documents shall be scanned with OCR, and shall be produced as black and white or color (as applicable), Group IV compression, single-page TIFF images, at not less than 300 dpi resolution with the document boundaries (BEGATT, ENDATT, as referenced in Exhibit A) contained in a separate file.  Reasonable efforts shall be made to scan the pages at or near their original size and so that the image appears straight and not skewed. Physically oversized originals, however, may appear reduced.  In addition, reducing image size may be necessary to display Bates Numbers and Confidentiality Designations without obscuring text.

2.      <u>Electronic Documents</u>:  With the exception of documents identified below (in Subsections D.2.a-D.2.c), Electronic Documents shall be produced as black and white or color (as applicable), Group IV compression, single-page TIFF images, with not less than 300 dpi resolution and associated to the Production ID.  All images related to the same document should be contained in the same folder, with a maximum of 1,000 documents per folder.  The images should be produced in .opt load file format. In addition, Electronic Documents shall be produced with corresponding Metadata, as designated below in Paragraph E.6, in a separate data file.  The Producing Party will take reasonable steps to produce relevant, non-privileged attachments to Electronic Documents contemporaneously and in sequential order.  Thus, the Producing Party will take reasonable steps to ensure that all electronic documents attached to an email are to be produced contemporaneously and sequentially immediately after the parent email.

a.      <u>Spreadsheet Files</u>:

i.      The Parties agree to produce Microsoft Excel and other spreadsheets in the Native Format, with the exception that any spreadsheet that requires redaction may be produced in native or TIFF-format, consistent with the format set forth in Section D.2 above.  Any spreadsheet that is produced in Native Format must have a corresponding placeholder TIFF image indicating its place in the production, its relationship to other documents in the production, and any other corresponding Metadata. If the original of the redacted file produced in TIFF format contained animation, video, or audio, the corresponding video or audio will be produced in Native Format with appropriate links to the parent document. For any spreadsheet produced with redactions in TIFF-format, the Receiving Party may request that the Producing Party also provide the spreadsheet in Native Format with the information contained in the purportedly privileged cells removed. The Parties will meet and confer in good faith on any such requests.

ii.      To the extent that printouts or images of all or part of a spreadsheet were also maintained in static form (e.g., as a PDF or a hard copy in a file), those documents will be produced as static images consistent with the specifications for Hard Copy Documents.

b.      <u>Presentation Slides</u>:  The Parties agree to produce Microsoft PowerPoint or other presentation slides in Native Format, with the exception that any presentation slides that require redaction will be produced in TIFF-format only, consistent with the format set forth in Section D.2 above.  Any presentation slides that are produced in Native Format must have a corresponding placeholder TIFF image

indicating its place in the production and the language "Native File Provided," its relationship to other documents in the production, and any other corresponding Metadata. If the original of the redacted file produced in TIFF format contained animation, video, or audio, the corresponding video or audio will be produced in Native Format with appropriate links to the parent document. For any presentation slides produced with redactions in TIFF-format, the Receiving Party may request that the Producing Party also provide the spreadsheet in Native Format with the purportedly privilege information removed. The Parties will meet and confer in good faith on any such requests.

        c.    <u>Word-processing Files</u>: The Parties agree to produce Microsoft Word or other word-processing documents in TIFF format, unless they contain tracked changes or comments, in which case thye shall instead be produced as native files. Word-processing documents which are produced with redactions may be produced in TIFF format. All word-processing documents produced shall include all information contained in the original file, including but not limited to, tracked changes, comments, and hidden text, with any redaction clearly delineated. If the original of the redacted file produced in TIFF format contained animation, video, or audio, the corresponding video or audio will be produced in Native Format with appropriate links to the parent document.

        d.    <u>Audio and Video Files</u>: The Parties agree to produce audio and video files in Native Format. Sound/audio files must have a corresponding placeholder TIFF image indicating its place in the production and the language "Native File

Provided," its relationship to other documents in the production, and any other corresponding Metadata. Should any redaction be required, the Parties will meet and confer promptly to determine a suitable mechanism for accomplishing such redaction.

e.      System Files:  Electronic file collection may be "de-NISTed" at the producing party's option, removing commercially available, non-user created operating system and application files contained on the National Institute of Standards and Technology ("NIST") file list. Identification of NIST list matches will be through MD5 Hash values. Where any such "de-NISTed" files are part of a document family (e.g., an attachment to an email), it will be produced in the form of a placeholder TIFF image indicating its place in the production and the language "System File Not Produced," its relationship to other documents in the production, and any other corresponding Metadata. The Receiving Party may request production of such files in Native Format. Otherwise, the Producing Party need not produce "de-NISTed" system files.

f.      Request for TIFF Images: The Parties agree that either Party may request to receive certain Natively-produced Electronic Documents in TIFF format.  In making such a request, the Party shall identify the individual document (by Bates Number) that it seeks to receive in TIFF format and provide an objective reason why production of the document in TIFF format is necessary (e.g., for use in a deposition). When such a request is made, the Parties agree to work together in good faith to resolve any potential issues.

3.      Color: Documents or records produced in non-Native Format and containing color (for example, graphs, pictures, or color marketing materials) will be produced in

color. This provision does not apply to documents solely containing color logos, signatures, watermarks, or letterhead. Documents that have already been processed as of the date of approval by the Court of this protocol by the parties need not be re-processed in color.

4.     <u>Compressed File Types</u>: Compressed file types (*e.g.*,, .zip, .rar) shall be uncompressed for processing.

5.     <u>Databases</u>:  Certain types of databases are dynamic in nature and will often contain information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  These files are typically very large and would, if rendered to TIFF images completely, produce thousands of pages that would have little utility to a reviewer without the associated database.  The Producing Party shall disclosure the existence of relevant and responsive information in such databases to the Receiving Party and the Parties will meet and confer in good faith to determine the appropriate form of production for such data.  To the extent that relevant and responsive reports or data tables derived from a database were also maintained in static form (e.g. as a PDF or a hard copy in a file), those documents will be produced as static images consistent with the specifications for Hard Copy Documents.

6.     <u>Searchable Text</u>:

a.     The Parties agree that they will produce extracted text for correspondingly produced Electronic Documents.  All text files contained in the FULLTEXT field in Exhibit A must be provided at the document level, provided in the same folder with corresponding images, and named to correspond to the

Production ID.  For redacted documents, OCR Text will be provided for the non-redacted text.  All TIFF, PDF, or image-based filetypes in which text could not be extracted normally through standard ESI processing must be OCR processed prior to each party running search terms.

      b.     With respect to Hard Copy Documents, the Parties agree to produce OCR Text for Hard-Copy Documents.

7.    <u>Metadata</u>:  For Electronic Documents, the Parties agree to produce the Metadata set forth in Exhibit A in a .DAT file to the extent such Metadata is available, responsive, not privileged, and is already populated in the Party's normal course.

## E.    Deduplication

1.    Global or Horizontal Deduplication: Removal of duplicate documents should only be done on exact duplicate documents (based on MD5 or SHA-1 hash values, at the family level). Attachments should not be eliminated as duplicates for purposes of production, unless the parent email and all attachments are also duplicates. An email that includes content in the BCC or other blind copy field should not be treated as a duplicate of an email that does not include content in those fields, even if all remaining content in the email is identical. De-duplication should be done across the entire collection (i.e., global level) and the CUSTODIAN field should list each Custodian, separated by a semicolon, who was a source of that document.

2.    Email Thread Suppression: Each Party may also deduplicate emails in such a

way as to eliminate earlier or incomplete chains of emails, and produce only the most complete iteration of an email chain and any unique attachments associated with the email set; provided that none of the earlier emails in the chain contained attachments. In other words, regardless of the existence of a more complete, later email, all emails that contain attachments must also be produced.

**F.     Other Issues Relating to Production**

1.     Document productions will be made via password protected zip files on a secure website or via CD/DVDs.  If CD/DVDs are used, images will be placed on CD/DVDs and transmitted to counsel.  Each Document produced in Native Format will be named by its Bates Number, e.g., ABC0001.xls.  Each produced TIFF image or hard copy page will be labeled with a Bates Number.  The CD / DVD will also be labeled with the case name, production volume name, Bates range contained therein, and the date of production.

**G.     Issues Related to Privilege and Redaction**

1.     Each Party will review its documents, including ESI, for privileged information prior to production. Responsive documents withheld, or produced documents that have been redacted on the grounds of any privilege or immunity will be identified in a privilege log.  For each withheld or redacted document, the privilege log shall include, as applicable, a unique sequential number associated with the document and/or the Bates Number for redacted documents, the date of the document, document type (e.g., memorandum, email, email thread with attachment, etc.), the name of its

author or creator, the name(s) of its recipient(s), the names of all people given copies of the document, the general subject matter of the document, including attachments thereto, the stated privilege or privileges for each document withheld (generally, attorney-client privilege or work product protection), and an indication of whether the document is withheld entirely or redacted.  Attorney authors and/or recipients of privileged information shall be identified as such on the privilege log.  Where a document on the privilege log represents an email, the email addresses of all senders and recipients for the top-most (most recent) email will be included. Where a document on the privilege log is an email, the document is withheld entirely, and any recipient in any message of the email chain is not an employee of Defendants and is not Defendants' counsel, that individual must be identified (including their employer) and the basis for extending privilege to that individual must be explicitly stated.  So long as one copy of a document is produced or identified on a privilege log, identical duplicates of that document need not be produced or logged.  Privileged documents dated after this Litigation was filed do not need to be logged.

       2.      Parties will place the word "Redaction" over each page or portion of a page of a produced document that has been redacted.

## H.    Application of the Federal Rules of Civil Procedure

     This agreement is not intended to function in lieu of Federal Rule 34 or any other applicable Federal Rule of Civil Procedure or Local Civil Rule for the District of Minnesota.  The agreements set forth herein are without prejudice to the right of a Requesting Party to request additional searches or additional information about specific

ESI if it can demonstrate that material, relevant, and responsive information that is not otherwise cumulative of information already produced can only be found through such additional efforts.  The Parties will negotiate in good faith with regard to whether such additional efforts are reasonably required, and will jointly seek assistance from the Court to resolve such disputes if an agreement cannot be reached.

Stipulated to:

Date: April 26, 2019                By:  s/Daniel E. Gustafson

Daniel E. Gustafson (#202241)
Karla M. Gluek (#238399)
Amanda M. Williams (#341691)
Daniel J. Nordin (#392393)
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN  55402
Tel: (612) 333-8844
dgustafson@gustafsongluek.com
kgluek@gustafsongluek.com
awilliams@gustafsongluek.com
dnordin@gustafsongluek.com

Lee Squitieri (*pro hac vice*)
**SQUITIERI & FEARON, LLP**
32 East 57th Street
12th Floor
New York, New York 10022
Tel: (212) 421-6492
lee@sfclasslaw.com

13

Kenneth A. Wexler (*pro hac vice*)
Kara A. Elgersma (*pro hac vice*)
**WEXLER WALLACE LLP**
55 W. Monroe Street
Suite 3300
Chicago, Illinois 60603
Tel: (312) 346-2222
kaw@wexlerwallace.com
kae@wexlerwallace.com

***Interim Co-Lead Counsel for***
***Proposed Class***

Date: April 26, 2019          By:  s/Shawn M. Raiter
                                  Shawn M. Raiter (#240424)
                                  **LARSON KING**
                                  30 East Seventh St., Ste. 2800
                                  St. Paul, MN 55101
                                  Tel:   (651) 312-6500
                                  Fax:  (651) 312-6618
                                  sraiter@larsonking.com

                                  Robert D. Phillips, Jr. (*pro hac vice*)
                                  Rachel A. Naor (*pro hac vice*)
                                  **ALSTON & BIRD LLP**
                                  560 Mission Street, 21st Floor
                                  San Francisco, CA  94105
                                  Telephone: (415) 243-1999
                                  Facsimile: (415) 243-1001
                                  bo.phillips@alston.com
                                  rachel.naor@alston.com

                                  Kathy J. Huang (*pro hac vice*)
                                  Gillian H. Clow (*pro hac vice*)
                                  **ALSTON & BIRD LLP**
                                  333 South Hope Street, 16th Floor
                                  Los Angeles, CA  90071
                                  Telephone: (213) 576-1000
                                  Facsimile: (213) 576-1100
                                  kathy.huang@alston.com
                                  gillian.clow@alston.com

14

*Attorneys for Defendants*
*Securian Financial Group, Inc., Minnesota Life*
*Insurance Company, Securian Life Insurance*
*Company, and Minnesota Mutual Companies,*
*Inc.*

Entered:

Dated: _____        _____

Hon. Elizabeth Cowan Wright

## **Exhibit A**

The following fields should be provided and populated to the extent the metadata exists, in the production .dat:

- BegBates

- EndBates

- BegAttach

- EndAttach

- Custodian

- PageCount

- NativeFileType

- Author

- BCC

- CC

- DateCreated (Date format MM/DD/YYYY, with time value in same field)

- DateLastModified (Date format MM/DD/YYYY, with time value in same field)

- DateSent (Date format MM/DD/YYYY, with time value in same field)

- DateReceived (Date format MM/DD/YYYY, with time value in same field)

- From

- OriginalFilePath

- MD5Hash

- Filename

- FileSize

- Recipients

- Subject

- Title

- TextPath

- NativePath

- ProductionVolume

# **<u>Stipulation for Protective Order</u>**

**STIPULATION FOR PROTECTIVE ORDER FORM**

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| ROCCO CIOFOLETTI, and LARRY STOSPAL, on behalf of themselves and all others similarly situated, | ) ) ) | Case No. 0:18-cv-03025 |
| | ) | |
| Plaintiffs, | ) ) | STIPULATION FOR PROTECTIVE ORDER |
| v. | ) ) | |
| SECURIAN FINANCIAL GROUP, INC., MINNESOTA LIFE INSURANCE COMPANY, SECURIAN LIFE INSURANCE COMPANY and MINNESOTA MUTUAL COMPANIES, INC. | ) ) ) ) ) ) ) | |
| | ) ) ) | |
| Defendants. | | |

The parties stipulate that the court may enter the following protective order:

1       **Definitions.**  As used in this protective order:

(a)       "attorney" means an attorney who has appeared in this action;

(b)       "confidential document" means a document designated as confidential under this protective order;

(c)       to "destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

(d)       "document" means information disclosed or produced in discovery, including at a deposition;

1

(e)     "notice" or "notify" means written notice;

(f)     "party" means a party to this action; and

(g)     "protected document" means a document protected by a privilege or the work-product doctrine.

**2      Designating a Document or Deposition as Confidential.**

(a)     A party or non-party disclosing or producing a document may designate it as confidential if the party or non-party contends that it contains confidential or proprietary information.

(b)     A party or non-party may designate a document as confidential by conspicuously marking each page with the word "confidential."

(c)     Deposition testimony may be designated as confidential:

(1)     on the record at the deposition; or

(2)     after the deposition, by promptly notifying the parties and those who were present at the deposition.

(d)     If a witness is expected to testify as to confidential or proprietary information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents.

**3      Who May Receive a Confidential Document.**

(a)     A confidential document may be used only in this action.

(b)     No person receiving a confidential document may reveal it, except to:

(1)     the court and its staff;

(2)     an attorney or an attorney's partner, associate, or staff;

(3)    a person shown on the face of the confidential document to have authored or received it;

(4)    a court reporter or videographer retained in connection with this action;

(5)    a party (subject to paragraph 3(c)); and

(6)    any person who:

    (A)    is retained to assist a party or attorney with this action; and

    (B)    signs a declaration that contains the person's name, address, employer, and title, and that is in substantially this form:

> I have read, and agree to be bound by, the protective order in the case captioned [case caption and number] in the United States District Court for the District of Minnesota. As soon as my work in connection with that action has ended, but not later than 30 days after the termination of that action (including any appeals), I will return or destroy any confidential document that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains information from a confidential document.
>
> I declare under penalty of perjury that the foregoing is true and correct.

(c)    A party may supplement the "confidential" mark (see paragraph 2(b)) with the words "attorney's eyes only," in which case a confidential document so designated may not be revealed to another party.

(d)    If a confidential document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

**4**      **Serving This Protective Order on a Non-Party.**  A party serving a subpoena on a non-party must simultaneously serve a copy of this protective order and of Local Rule 5.6.

**5**      **Correcting an Error in Designation.** A party or non-party who discloses or produces a confidential document not designated as confidential may, within 7 days after discovering the error, provide notice of the error and produce a copy of the document designated as confidential.

**6**      **Use of a Confidential Document in Court.**

   (a)      Filing.  This protective order does not authorize the filing of any document under seal.  A confidential document may be filed only in accordance with LR 5.6.

   (b)      Presentation at a hearing or trial.  A party intending to present another party's or a non-party's confidential document at a hearing or trial must promptly notify the other party or the non-party so that the other party or the non-party may seek relief from the court.

**7**      **Changing a Confidential Document's Designation.**

   (a)      Document disclosed or produced by a party.  A confidential document disclosed or produced by a party remains confidential unless the parties agree to change its designation or the court orders otherwise.

   (b)      Document produced by a non-party.  A confidential document produced by a non-party remains confidential unless the non-party agrees to change its designation or the court orders otherwise after providing an opportunity for the non-party to be heard.

(c)     Changing a designation by court order. A party who cannot obtain

agreement to change a designation may move the court for an order

changing the designation. If the motion affects a document produced by a

non-party then, with respect to the motion, that non-party is entitled to the

same notice and opportunity to be heard as a party. The party or non-

party who designated a document as confidential must show that the

designation satisfies Fed. R. Civ. P. 26(c).

**8      Handling a Confidential Document after Termination of Litigation.**

(a)     Within 60 days after the termination of this action (including any appeals),

each party must:

(1)     return or destroy all confidential documents; and

(2)     notify the disclosing or producing party that it has returned or

destroyed all confidential documents within the 60-day period.

(b)     Notwithstanding paragraph 8(a), each attorney may retain a copy of any

confidential document submitted to the court.[1]

**9      Inadvertent Disclosure or Production to a Party of a Protected Document.**

(a)     Notice.

(1)     A party or non-party who discovers that it has inadvertently

disclosed or produced a protected document must promptly notify

the receiving party and describe the basis of the claim of privilege

---

[1]The Parties may draft their stipulation so that it allows retention of other documents as well — for example, correspondence that quotes or describes a confidential document.

or protection.  If the party or non-party provides such notice and description, the privilege or protection is not waived.

    (2)    A party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party or non-party.

  (b)    Handling of Protected Document. A party who is notified or discovers that it may have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B).

**10**    **Security Precautions and Data Breaches.**

  (a)    Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party.

  (b)    A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

**11**    **Survival of Obligations.**  The obligations imposed by this protective order survive the termination of this action.

Stipulated to:

Date: April 26, 2019               By:  s/Daniel E. Gustafson
                                   Daniel E. Gustafson (#202241)
                                   Karla M. Gluek (#238399)
                                   Amanda M. Williams (#341691)
                                   Daniel J. Nordin (#392393)
                                   **GUSTAFSON GLUEK PLLC**
                                   Canadian Pacific Plaza
                                   120 South Sixth Street, Suite 2600
                                   Minneapolis, MN  55402
                                   Tel: (612) 333-8844
                                   dgustafson@gustafsongluek.com
                                   kgluek@gustafsongluek.com
                                   awilliams@gustafsongluek.com
                                   dnordin@gustafsongluek.com

                                   Lee Squitieri (*pro hac vice*)
                                   **SQUITIERI & FEARON, LLP**
                                   32 East 57th Street
                                   12th Floor
                                   New York, New York 10022
                                   Tel: (212) 421-6492
                                   lee@sfclasslaw.com

                                   Kenneth A. Wexler (*pro hac vice*)
                                   Kara A. Elgersma (*pro hac vice*)
                                   **WEXLER WALLACE LLP**
                                   55 W. Monroe Street
                                   Suite 3300
                                   Chicago, Illinois 60603
                                   Tel: (312) 346-2222
                                   kaw@wexlerwallace.com
                                   kae@wexlerwallace.com

                                   ***Interim Co-Lead Counsel for
                                   Proposed Class***


Date:  April 26, 2019              By:  s/Shawn M. Raiter
                                   Shawn M. Raiter (#240424)
                                   **LARSON KING**
                                   30 East Seventh St., Ste. 2800
                                   St. Paul, MN 55101
                                   Tel:  (651) 312-6500
                                   Fax:  (651) 312-6618
                                   sraiter@larsonking.com

Robert D. Phillips, Jr. (*pro hac vice*)
Rachel A. Naor (*pro hac vice*)
**ALSTON & BIRD LLP**
560 Mission Street, 21st Floor
San Francisco, CA  94105
Telephone: (415) 243-1999
Facsimile: (415) 243-1001
bo.phillips@alston.com
rachel.naor@alston.com

Kathy J. Huang (*pro hac vice*)
Gillian H. Clow (*pro hac vice*)
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA  90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
kathy.huang@alston.com
gillian.clow@alston.com

***Attorneys for Defendants
Securian Financial Group, Inc., Minnesota
Life Insurance Company, Securian Life
Insurance Company, and Minnesota Mutual
Companies, Inc.***