# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| ELEANOR and ROCCO CIOFOLETTI, and LARRY STOSPAL on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | Case No.: 0:18-cv-03025 |
| vs. | |
| SECURIAN FINANCIAL GROUP, INC., MINNESOTA LIFE INSURANCE COMPANY, SECURIAN LIFE INSURANCE COMPANY, SHURWEST LLC and MINNESOTA MUTUAL COMPANIES, INC. | |
| Defendants. | |

### Securian Financial Group, Inc., Minnesota Life Insurance Company, and Minnesota Mutual Companies, Inc.'s Answer To Plaintiffs' Consolidated Second Amended Class Action Complaint

Defendants Securian Financial Group, Inc., Minnesota Life Insurance Company ("Minnesota Life"), Securian Life Insurance Company, and Minnesota Mutual Companies, Inc. (collectively, the "Securian Defendants") by and through their undersigned counsel of record, hereby specifically answer the Consolidated Second Amended Class Action Complaint ("SAC") of Plaintiffs Eleanor and Rocco Ciofoletti and Larry Stospal ("Plaintiffs") in the above-captioned matter and assert defenses as follows:

Except as hereinafter admitted, qualified, or explained, the Securian Defendants deny each and every allegation set forth in the Complaint.

## INTRODUCTION

1.     The Securian Defendants admit this is an action purporting to seek damages on behalf of Plaintiffs and members of the proposed class who purchased insurance from the Securian Defendants, but deny that certification of any class is appropriate under

applicable law.  The Securian Defendants deny the remaining allegations contained in Paragraph 1 of the SAC.

2.     The Securian Defendants deny the allegations contained in Paragraph 2 of the SAC.

3.     The Securian Defendants deny the allegations contained in Paragraph 3 of the SAC.

4.     The Securian Defendants admit that Plaintiffs purport to sue on their own behalves and on behalf of all other persons described in Paragraph 4 of the SAC, but deny that certification of any class is appropriate under applicable law or that aggregated treatment of such claims is appropriate.

## JURISDICTION AND VENUE

5.     The Securian Defendants admit this Court has jurisdiction over the case pursuant to 28 U.S.C. § 1332(d) and 28 U.S.C. 1367.  The Securian Defendants are without knowledge or information sufficient to respond to the remaining allegations contained in Paragraph 5 of the SAC and, on that basis, deny the allegations.

6.     The Securian Defendants admit that venue is proper in this District.  The Securian Defendants deny the remaining allegations contained in Paragraph 6 of the SAC.

7.     The Securian Defendants admit the Court has personal jurisdiction over them.  The Securian Defendants deny the remaining allegations contained in Paragraph 7 of the SAC.

## PARTIES

8.     The Securian Defendants admit that Plaintiff Eleanor Ciofoletti purchased an Indexed Universal Life insurance policy issued by Minnesota Life Insurance Company through an independent agent licensed to sell Minnesota Life products, and that Ms. Ciofoletti has accepted the Securian Defendants' offer of rescission without release of her claims.  The Securian Defendants are without knowledge or information sufficient to

respond to the remaining allegations contained in Paragraph 8 of the SAC and, on that basis, deny the allegations.

9.    The Securian Defendants admit that Plaintiff Larry Stospal purchased an Indexed Universal Life Policy product issued by the Securian Defendants in 2017 through an independent agent licensed to sell the Securian Defendants' products.  Mr. Stospal has accepted the Securian Defendants' offer of rescission without release of his claims.  The Securian Defendants are without knowledge or information sufficient to respond to the remaining allegations contained in Paragraph 9 of the SAC and, on that basis, deny the allegations.

10.    The Securian Defendants admit the allegations contained in Paragraph 10 of the SAC.

11.    The Securian Defendants admit the allegations contained in Paragraph 11 of the SAC.

12.    The Securian Defendants admit the allegations contained in Paragraph 12 of the SAC.

13.    The Securian Defendants admit the allegations contained in Paragraph 13 of the SAC.

14.    The Securian Defendants are without knowledge or information sufficient to respond to the allegations regarding Shurwest contained in Paragraph 14 of the SAC.  The Securian Defendants deny the remaining allegations contained in Paragraph 14 of the SAC.

## CLASS ACTION ALLEGATIONS

15.    The allegations in Paragraph 15 are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, the Securian Defendants admit that this action is brought as a class action, but deny that certification of any class is appropriate under applicable law.

16.    Paragraph 16 does not set forth an allegation against the Securian Defendants and therefore, no response is required.  To the extent a response is required,

the Securian Defendants are without knowledge or information sufficient to respond to the allegations contained in Paragraph 16 of the SAC and, on that basis, deny the allegations.

17.     Paragraph 17 does not set forth an allegation against the Securian Defendants and therefore, no response is required.  To the extent a response is required, the Securian Defendants are without knowledge or information sufficient to respond to the allegations contained in Paragraph 17 of the SAC and, on that basis, deny the allegations.

18.     The allegations in Paragraph 18 are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 18 of the SAC.

19.      The allegations in Paragraph 19 and its subparts are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, the Securian Defendants deny the allegations contained in Paragraph 19 and its subparts of the SAC.

20.     The allegations in Paragraph 20 are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, the Securian Defendants deny the allegations contained in Paragraph 20 of the SAC.

21.     The allegations in Paragraph 21 are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, the Securian Defendants deny the allegations contained in Paragraph 21 of the SAC.

22.     The allegations in Paragraph 22 are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, the Securian Defendants deny the allegations contained in Paragraph 22 of the SAC.

23.     The allegations in Paragraph 23 are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, the Securian Defendants deny the allegations contained in Paragraph 23 of the SAC.

24.     The allegations in Paragraph 24 are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, the Securian Defendants deny the allegations contained in Paragraph 24 of the SAC.

25.     The allegations in Paragraph 25 are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, the Securian Defendants deny the allegations contained in Paragraph 25 of the SAC.

26.     The allegations in Paragraph 26 are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, the Securian Defendants deny the allegations contained in Paragraph 26 of the SAC.

27.      The allegations in Paragraph 27 are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, the Securian Defendants deny the allegations contained in Paragraph 27 of the SAC.

## SUBSTANTIVE ALLEGATIONS

28.     The Securian Defendants admit that they issue insurance policies, including Indexed Universal Life policies, and that Shurwest is an independent marketing organization.  The Securian Defendants deny the remaining allegations contained in Paragraph 28 of the SAC.

29.     The Securian Defendants respond that the Annexus website speaks for itself as to its contents. The Securian Defendants deny the remaining allegations contained in Paragraph 29 of the SAC.

30.     The Securian Defendants respond that their website speaks for itself as to its contents.  The Securian Defendants deny the remaining allegations contained in Paragraph 30 of the SAC.

31.     The Securian Defendants respond that their website speaks for itself as to its contents. The Securian Defendants deny the remaining allegations contained in Paragraph 31 of the SAC.

A. **The Securian Defendants and the Securian Financial Network**

32.     The Securian Defendants admit their Indexed Universal Life insurance policies were sold by independent agents licensed to sell their policies.  The Securian Defendants deny the remaining allegations contained in Paragraph 32 of the SAC.

33.     Paragraph 33 does not set forth an allegation against the Securian Defendants and therefore, no response is required.

34.     The Securian Defendants respond that their website speaks for itself as to its contents.  The Securian Defendants deny the remaining allegations contained in Paragraph 34 of the SAC.

35.     The Securian Defendants respond that their website speaks for itself as to its contents. The Securian Defendants deny the remaining allegations contained in Paragraph 35 of the SAC.

36.     The Securian Defendants respond that their website speaks for itself as to its contents. The Securian Defendants deny the remaining allegations contained in Paragraph 36 of the SAC.

B. **Shurwest's Role**

37.     The Securian Defendants admit that Shurwest is an independent marketing organization and that MLIC and SLIC have contracts with Shurwest.   The Securian Defendants deny the remaining allegations contained in Paragraph 37 of the SAC.

38.     The Securian Defendants admit that Shurwest is an independent marketing organization. The Securian Defendants further respond that *Mkt. Synergy Group, Inc. v. United States Dep't of Labor,* 16-CV-4083-DDC-KGS, 2016 WL 6948061, at *3 (D. Kan. Nov. 28, 2016) speaks for itself as to its contents.  The Securian Defendants deny the remaining allegations contained in Paragraph 38 of the SAC.

39.     Paragraph 39 does not set forth an allegation against the Securian Defendants and therefore, no response is required.  To the extent a response is required, the Securian

Defendants respond that the Shurwest website speaks for itself as to its contents. The Securian Defendants deny the allegations contained in Paragraph 39 of the SAC.

40.    The Securian Defendants respond that their contracts with Shurwest speak for themselves as to their contents. The Securian Defendants deny the remaining allegations contained in Paragraph 40 of the SAC.

41.    The Securian Defendants respond that the Master Brokerage General Agent Agreements with Shurwest speak for themselves as to their contents. The Securian Defendants deny the remaining allegations contained in Paragraph 41 of the SAC.

42.    The Securian Defendants respond that the Broker Sales Contracts speak for themselves as to their contents. The Securian Defendants deny the allegations contained in Paragraph 42 of the SAC.

43.    The Securian Defendants deny the allegations contained in Paragraph 43 of the SAC.

**C.    Securian Promotes The Use Of Their "Financial Advisors" To Advise Insureds With Respect To IUL**

44.    The Securian Defendants respond that their website speaks for itself as to its contents. The Securian Defendants deny the remaining allegations contained in Paragraph 44 of the SAC.

45.    The Securian Defendants respond that their website speaks for itself as to its contents. The Securian Defendants deny the remaining allegations contained in Paragraph 45 of the SAC.

**D.    The FIP Illegal Loan Scheme**

46.    The Securian Defendants are without knowledge or information sufficient to respond to the remaining allegations contained in Paragraph 46 of the SAC, and on that basis, deny the allegations.

47.     The Securian Defendants are without knowledge or information sufficient to respond to the allegations contained in Paragraph 47 of the SAC and, on that basis, deny the allegations.

48.     The allegations in Paragraph 48 are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, the Securian Defendants are without knowledge or information sufficient to respond to the remaining allegations contained in Paragraph 48 of the SAC, and on that basis, deny the allegations.

**E.     Defendants' Participation In The FIP Scheme Helps Life Policy Sales**

49.     The Securian Defendants are without knowledge or information sufficient to respond to the allegations contained in Paragraph 49 of the SAC and, on that basis, deny the allegations.

50.     The allegations in Paragraph 50 contain legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, the Securian Defendants deny the allegations contained in Paragraph 50 of the SAC.

51.     The Securian Defendants admit that in order to solicit applications for IUL products, the independent agents needed to be contracted with MLIC or SLIC.

52.     The allegations in Paragraph 52 contain legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, the Securian Defendants are without knowledge or information sufficient to respond to the remaining allegations contained in Paragraph 52 of the SAC, and on that basis, deny the allegations.

53.     The allegations in Paragraph 53 contain legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, the Securian Defendants are without knowledge or information sufficient to respond to the remaining allegations contained in Paragraph 52 of the SAC, and on that basis, deny the allegations.

54.     The Securian Defendants are without knowledge or information sufficient to respond to the allegations contained in Paragraph 54 of the SAC and, on that basis, deny the allegations.

55.     The Securian Defendants deny that Wade Allen and David McCoy presented at a Shurwest conference in March 2017.  The Securian Defendants deny the remaining allegations contained in Paragraph 55 of the SAC.

56.     The Securian Defendants are without knowledge or information sufficient to respond to the allegations contained in Paragraph 56 of the SAC regarding FIP.  Defendants deny the remaining allegations contained in Paragraph 56 of the SAC.

57.     The Securian Defendants are without knowledge or information sufficient to respond to the allegations contained in Paragraph 57 of the SAC regarding FIP.  Defendants deny the remaining allegations contained in Paragraph 57 of the SAC.

58.     The Securian Defendants deny the allegations contained in Paragraph 58 of the SAC.

59.     The Securian Defendants are without knowledge or information sufficient to respond to the allegations contained in Paragraph 59 of the SAC regarding FIP.  Defendants deny the remaining allegations contained in Paragraph 59 of the SAC.

60.     The Securian Defendants are without knowledge or information sufficient to respond to the allegations contained in Paragraph 60 of the SAC regarding FIP.  Defendants deny the remaining allegations contained in Paragraph 60 of the SAC.

**F.     <u>Defendants Had Actual And Constructive Notice Of The FIP Scheme</u>**

61.      The allegations in Paragraph 61 are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, the Securian Defendants deny the allegations contained in Paragraph 61 of the SAC.

62.     Paragraph 62 does not set forth an allegation against the Securian Defendants and therefore, no response is required.  To the extent a response is required, the Securian

Defendants are without knowledge or information sufficient to respond to the allegations contained in Paragraph 62 of the SAC and, on that basis, deny the allegations.

63.    The Securian Defendants deny the allegations contained in Paragraph 63 of the SAC.  The allegations in Paragraph 63 also contain legal conclusions and argument to which a response is neither appropriate nor required.

64.    Paragraph 64 does not set forth an allegation against the Securian Defendants and therefore, no response is required.  To the extent a response is required, the Securian Defendants are without knowledge or information sufficient to respond to the allegations contained in Paragraph 64 of the SAC and, on that basis, deny the allegations.

65.    Paragraph 65 does not set forth an allegation against the Securian Defendants and therefore, no response is required.  To the extent a response is required, the Securian Defendants are without knowledge or information sufficient to respond to the allegations contained in Paragraph 65 of the SAC and, on that basis, deny the allegations.

66.     Paragraph 66 does not set forth an allegation against the Securian Defendants and therefore, no response is required.  To the extent a response is required, the Securian Defendants are without knowledge or information sufficient to respond to the allegations contained in Paragraph 66 of the SAC and, on that basis, deny the allegations.

67.    The Securian Defendants deny the allegations contained in Paragraph 67 of the SAC.  The allegations in Paragraph 67 also contain legal conclusions and argument to which a response is neither appropriate nor required.

68.    The allegations in Paragraph 68 are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, the Securian Defendants deny the allegations contained in Paragraph 68 of the SAC.

69.     The allegations in Paragraph 69 are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, the Securian Defendants deny the allegations contained in Paragraph 69 of the SAC.

70.     The Securian Defendants respond that its contracts with Shurwest speak for themselves.   The Securian Defendants deny the remaining allegations contained in Paragraph 70 of the SAC.

71.     The Securian Defendants are without knowledge or information sufficient to respond to the allegations contained in Paragraph 71 of the SAC.  The Securian Defendants deny the remaining allegations contained in Paragraph 71 of the SAC.

72.     Paragraph 72 does not set forth an allegation against the Securian Defendants and therefore, no response is required.  To the extent a response is required, the Securian Defendants are without knowledge or information sufficient to respond to the allegations contained in Paragraph 72 of the SAC and, on that basis, deny the allegations.

73.     The allegations in Paragraph 73 are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, the Securian Defendants deny the allegations contained in paragraph 73 of the SAC.

74.      The allegations in Paragraph 74 are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, the Securian Defendants deny the allegations contained in Paragraph 74 of the SAC.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Breach of Fiduciary Duty against the Securian Defendants)**

75.      The Securian Defendants incorporate by reference their responses to Paragraph 1 through 74 of the SAC as if set forth fully herein.

76.      The Securian Defendants deny the allegations contained in Paragraph 76 of the SAC.

77.     The Securian Defendants deny the allegations contained in Paragraph 77 of the SAC.  The allegations in Paragraph 77 also contain legal conclusions and argument to which a response is neither appropriate nor required.

78.     The allegations in Paragraph 78 are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, the Securian Defendants deny the allegations contained in Paragraph 78 of the SAC.

79.     The allegations in Paragraph 79 are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, the Securian Defendants deny the allegations contained in Paragraph 79 of the SAC.

80.     The allegations in Paragraph 80 are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, the Securian Defendants deny the allegations contained in Paragraph 80 of the SAC.

81.     The allegations in Paragraph 81 are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, the Securian Defendants deny the allegations contained in Paragraph 81 of the SAC.

82.     The allegations in Paragraph 82 are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, the Securian Defendants deny the allegations contained in Paragraph 82 of the SAC.

83.     The allegations in Paragraph 83 are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, the Securian Defendants deny the allegations contained in Paragraph 83 of the SAC.

84.     The allegations in Paragraph 84 are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, the Securian Defendants deny the allegations contained in Paragraph 84 of the SAC.

85.     The allegations in Paragraph 85 are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, the Securian Defendants deny the allegations contained in Paragraph 85 of the SAC.

86.     The allegations in Paragraph 86 are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, the Securian Defendants deny the allegations contained in Paragraph 86 of the SAC.

## SECOND CAUSE OF ACTION
### (Breach of Fiduciary Duty Against Shurwest)

87.     The Securian Defendants incorporate by reference their responses to Paragraph 1 through 86 of the SAC as if set forth fully herein.

88.     Paragraph 88 does not set forth an allegation against the Securian Defendants and therefore, no response is required.  To the extent a response is required, the Securian Defendants respond that its contracts with Shurwest speak for themselves.  Securian Defendants further respond that they are without knowledge or information sufficient to respond to the remaining allegations contained in Paragraph 88 of the SAC and, on that basis, deny the allegations.

89.     Paragraph 89 does not set forth an allegation against the Securian Defendants and therefore, no response is required.  To the extent a response is required, the Securian Defendants are without knowledge or information sufficient to respond to the allegations contained in Paragraph 89 of the SAC and, on that basis, deny the allegations.

90.     Paragraph 90 does not set forth an allegation against the Securian Defendants and therefore, no response is required.  To the extent a response is required, the Securian Defendants are without knowledge or information sufficient to respond to the allegations contained in Paragraph 90 of the SAC and, on that basis, deny the allegations.

91.     Paragraph 91 does not set forth an allegation against the Securian Defendants and therefore, no response is required.  To the extent a response is required, the Securian Defendants are without knowledge or information sufficient to respond to the allegations contained in Paragraph 91 of the SAC and, on that basis, deny the allegations.

92.     Paragraph 92 does not set forth an allegation against the Securian Defendants and therefore, no response is required.  To the extent a response is required, the Securian Defendants are without knowledge or information sufficient to respond to the allegations contained in Paragraph 92 of the SAC and, on that basis, deny the allegations.

93.     Paragraph 93 does not set forth an allegation against the Securian Defendants and therefore, no response is required.  To the extent a response is required, the Securian Defendants are without knowledge or information sufficient to respond to the allegations contained in Paragraph 93 of the SAC and, on that basis, deny the allegations.

94.     Paragraph 94 does not set forth an allegation against the Securian Defendants and therefore, no response is required.  To the extent a response is required, the Securian Defendants are without knowledge or information sufficient to respond to the allegations contained in Paragraph 94 of the SAC and, on that basis, deny the allegations.

95.     Paragraph 95 does not set forth an allegation against the Securian Defendants and therefore, no response is required.  To the extent a response is required, the Securian Defendants are without knowledge or information sufficient to respond to the allegations contained in Paragraph 95 of the SAC and, on that basis, deny the allegations.

96.     Paragraph 96 does not set forth an allegation against the Securian Defendants and therefore, no response is required.  To the extent a response is required, the Securian Defendants are without knowledge or information sufficient to respond to the allegations contained in Paragraph 96 of the SAC and, on that basis, deny the allegations.

### THIRD CAUSE OF ACTION
**(Aiding and Abetting Breach of Fiduciary Duty Against Shurwest)**

97.     The Securian Defendants incorporate by reference their responses to Paragraph 1 through 96 of the SAC as if set forth fully herein.

98.     The Securian Defendants specifically deny that they were in a fiduciary relationship with Plaintiffs and the putative class, and deny the remaining allegations contained in Paragraph 98 of the SAC.

99.     The Securian Defendants specifically deny that they were in a fiduciary relationship with Plaintiffs and the putative class, and deny the remaining allegations contained in Paragraph 99 of the SAC.

100. Paragraph 100 does not set forth an allegation against the Securian Defendants and therefore, no response is required. To the extent a response is required, the Securian Defendants are without knowledge or information sufficient to respond to the allegations contained in Paragraph 100 of the SAC and, on that basis, deny the allegations.

101. Paragraph 101 does not set forth an allegation against the Securian Defendants and therefore, no response is required. To the extent a response is required, the Securian Defendants are without knowledge or information sufficient to respond to the allegations contained in Paragraph 101 of the SAC and, on that basis, deny the allegations.

102. Paragraph 102 does not set forth an allegation against the Securian Defendants and therefore, no response is required. To the extent a response is required, the Securian Defendants respond that the allegations in Paragraph 102 are legal conclusions and argument to which a response is neither appropriate nor required, and on that basis, deny the allegations.

103. Paragraph 103 does not set forth an allegation against the Securian Defendants and therefore, no response is required. To the extent a response is required, the Securian Defendants are without knowledge or information sufficient to respond to the allegations contained in Paragraph 103 of the SAC and, on that basis, deny the allegations.

104. Paragraph 104 does not set forth an allegation against the Securian Defendants and therefore, no response is required. To the extent a response is required, the Securian Defendants are without knowledge or information sufficient to respond to the allegations contained in Paragraph 104 of the SAC and, on that basis, deny the allegations.

## FOURTH CAUSE OF ACTION
### (Against the Securian Defendants and Shurwest Under the Doctrine of Respondeat Superior Giving Rise to Strict Vicarious Liability )

105.    The Securian Defendants incorporate by reference their responses to Paragraph 1 through 104 of the SAC as if set forth fully herein.

106.    The allegations in Paragraph 106 are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, the Securian Defendants deny the allegations contained in paragraph 106 of the SAC.

107.    The allegations in Paragraph 107 are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, the Securian Defendants deny the allegations contained in paragraph 107 of the SAC.

108.    Paragraph 108 does not set forth an allegation against the Securian Defendants and therefore, no response is required.  To the extent a response is required, the Securian Defendants are without knowledge or information sufficient to respond to the allegations contained in Paragraph 108 of the SAC and, on that basis, deny the allegations.

109.    The allegations in Paragraph 109 are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, the Securian Defendants deny the allegations contained in paragraph 109 of the SAC.

110.    The allegations in Paragraph 110 are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, the Securian Defendants deny the allegations contained in paragraph 110 of the SAC.

111.    The allegations in Paragraph 111 are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, the Securian Defendants deny the allegations contained in paragraph 111 of the SAC.

112.    The allegations in Paragraph 112 are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, the Securian Defendants deny the allegations contained in paragraph 112 of the SAC.

113.     Paragraph 113 does not set forth an allegation against the Securian Defendants and therefore, no response is required.  To the extent a response is required, the Securian Defendants deny the allegations contained in paragraph 113 of the SAC.

114.     Paragraph 114 does not set forth an allegation against the Securian Defendants and therefore, no response is required.  To the extent a response is required, the Securian Defendants deny the allegations contained in paragraph 114 of the SAC.

115.     The allegations in Paragraph 115 are legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, the Securian Defendants deny the allegations contained in paragraph 115 of the SAC.

## FIFTH CAUSE OF ACTION
### (Unjust Enrichment Against All Defendants)

116.     The Securian Defendants incorporate by reference their responses to Paragraph 1 through 115 of the SAC as if set forth fully herein.

117.     The Securian Defendants deny the allegations contained in Paragraph 117 of the SAC.

118.     The Securian Defendants deny the allegations contained in Paragraph 118 of the SAC.

119.     The Securian Defendants deny the allegations contained in Paragraph 119 of the SAC.

## PRAYER FOR RELIEF

The Securian Defendants deny that Plaintiffs are entitled to the relief requested or to any relief at all.

## AFFIRMATIVE DEFENSES

The Securian Defendants assert the following affirmative defenses:

## **FIRST AFFIRMATIVE DEFENSE**

### **(Failure to State a Cause of Action)**

1.      The SAC fails to state a claim upon which relief may be granted.

## **SECOND AFFIRMATIVE DEFENSE**

### **(No Damages)**

2.      Plaintiffs' and purported class members' claims for damages are barred, in whole or in part, because Plaintiffs and the purported class members received benefits from their purchase of the products, and nothing was wrongfully taken from any of them.

## **THIRD AFFIRMATIVE DEFENSE**

### **(Lack of Knowledge)**

3.      The Securian Defendants did not know and, in the exercise of reasonable care, could not have known about the existence of the unlawful acts alleged in the SAC to have been committed by FIP.

## **FOURTH AFFIRMATIVE DEFENSE**

### **(Negligence or Conduct of Others)**

4.      If Plaintiffs and purported class members suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of others, and not by the Securian Defendants.

## **FIFTH AFFIRMATIVE DEFENSE**

### **(Fault of Plaintiffs)**

5.      If Plaintiffs and purported class members suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to, in whole or in part, by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of Plaintiffs and purported class members themselves, and not the Securian Defendants.

## SIXTH AFFIRMATIVE DEFENSE

### (Intervening Acts)

6.     The damages complained of were the result of the intervening actions of others and were not proximately caused by the actions or omissions of the Securian Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

7.     Plaintiffs' and purported class members' claims are barred, in whole or in part, by the principles of assumption of risk because they knew about the risks and voluntarily undertook the risks that led to the injuries alleged in the SAC.

## EIGHTH AFFIRMATIVE DEFENSE

### (Lack of Vicarious Liability)

8.     The SAC fails to state facts sufficient to constitute a cause of action against Defendants because they are not vicariously liable for any alleged wrongful acts committed by agents and/or brokers which were not committed within the course and scope of their limited agency role as to the Securian Defendants.

## NINTH AFFIRMATIVE DEFENSE

### (No Control)

9.     The SAC fails to state facts sufficient to constitute a claim against the Securian Defendants because the Securian Defendants did not routinely control or direct the manner in which the agents/brokers performed their work.

## TENTH AFFIRMATIVE DEFENSE

### (No Duty)

10.     The Securian Defendants owed no duty of care to Plaintiffs and putative class members to control the alleged conduct of the agents/brokers to the extent they acted outside the scope of their limited agency role as to the Securian Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Causation)

11.     The SAC fails to show that any alleged acts or omissions of the Securian Defendants caused the injuries or damages claimed by Plaintiffs and putative class members.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

12.     Plaintiffs and putative class members are barred from relief for their claims because they have failed to take reasonable and necessary steps to mitigate their alleged damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

13.     Plaintiffs' and putative class members' claims are barred, in whole or in part, by the equitable doctrine of estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

14.     Plaintiffs and putative class members, by their words, conduct and agreements, have waived the claims set forth in the SAC.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Consent, Ratification or Acquiescence)

15.     Plaintiffs and putative class members consented to, approved, ratified or acquiesced to the acts and omissions about which they now complain, and, therefore, they are barred from pursuing this action.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Excuse/Justification)

16.     The acts and omissions of the Securian Defendants, if any, were excused and/or justified by the information and facts available to them at the time such acts and omissions, if any, occurred.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

17.     The Securian Defendants acted in good faith and have reasonable grounds for believing that their conduct did not violate any law and, in fact, the Securian Defendants' conduct did not violate any law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Compliance with Law)

18.     The Securian Defendants' conduct and activities were in compliance with applicable Federal and State law.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Contribution)

19.     Any harm alleged can be attributed to several causes, and the damages for this harm, if any, should be apportioned among the various causes according to the contribution of each cause to the harm sustained.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Failure to Join Necessary Parties)

20.     Plaintiffs' claims are barred, in whole or in part, because of their failure to join necessary and indispensable parties.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Class Action Improper – No Predominance of Common Questions)

21.     Plaintiffs' action is not proper for class action certification pursuant to FRCP 23 as the questions of law and/or fact common to the purported classes do not predominate over the questions affecting the individual members of the purported class.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Class Action Improper – Lack of Typicality)

22.     Plaintiffs' action is not proper for class action certification pursuant to FRCP 23 as Plaintiffs' claims are not typical of the claims of the purported classes.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Class Action Improper – Not An Adequate Representative)

23.     Plaintiffs' action is not proper for class action certification pursuant to FRCP 23 as Plaintiffs are not adequate representatives.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Class Action Inferior)

24.     Plaintiffs' action is not proper for class action certification pursuant to FRCP 23 because class action treatment is inferior to individual resolution of claims.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Class Action Improper – Not a Member of the Class)

25.     Plaintiffs' action is not proper for class certification pursuant to FRCP 23 because one or all Plaintiffs are not a member of the class they seek to represent and cannot adequately represent its interests.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

26.     Some or all of Plaintiffs' claims as well as claims by some putative class members may be barred by applicable statutes of limitations, laches, and/or other time bars.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Other Defenses)

27.    The Securian Defendants specifically give notice that they intend to rely upon such other defenses as may become available by law or pursuant to statute or may be revealed by discovery proceedings in this case and hereby reserve the right to amend the Answer to assert such defenses.

## REQUEST FOR RELIEF

WHEREFORE, the Securian Defendants pray for judgment as follows:

1.    The SAC be dismissed with prejudice;

2.    The Court enters judgment for the Securian Defendants as to any and all matters;

3.    The Securian Defendants be awarded their attorneys' fees and costs according to proof; and

4.    For such other and further relief as this Court may deem just and proper.

DATED: December 16, 2019          **Larson King, LLP**

By     *s/Shawn M. Raiter*
Shawn M. Raiter (#240424)
30 East Seventh St., Ste. 2800
St. Paul, MN 55101
Tel:  (651) 312-6500
Fax:  (651) 312-6618
sraiter@larsonking.com

Robert D. Phillips, Jr. (admitted *pro hac vice*)
Kathy J. Huang (admitted *pro hac vice*)
Gillian H. Clow (admitted *pro hac vice*)
**ALSTON & BIRD LLP**
333 South Hope Street, Sixteenth Floor
Los Angeles, CA   90071
Telephone:  (213) 576-1000
Facsimile:  (213) 576-1100

bo.phillips@alston.com
kathy.huang@alston.com
gillian.clow@alston.com