UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ROCCO CIOFOLETTI, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SECURIAN FINANCIAL GROUP, INC., et al.,<br><br>Defendants. | NO. 0:18-cv-03025-JNE-ECW<br><br>**DEFENDANT SHURWEST LLC'S NOTICE OF STAY** |

# INTRODUCTION

Defendant Shurwest, LLC ("Shurwest"), without waiver of its challenge to the Court's personal jurisdiction over it,[1] provides notice to the Court of a stay of litigation imposed by the United States District Court for the District of South Carolina (the "South Carolina Court"). This case is subject to the South Carolina Court's stay order. Numerous courts assessing similar claims against Shurwest have already so found, including courts in California, South Carolina, and Illinois. Perhaps more importantly, a motion is pending before the South Carolina Court asking that court to expressly decide what impact the stay

---

[1] Plaintiffs have failed to plead sufficient facts to establish personal jurisdiction in Minnesota over Shurwest—an Arizona limited liability company with no offices, employees, or business operations in Minnesota. As set forth in this notice, however, Shurwest is currently enjoined from "taking any action in connection with" this case, including filing a motion to dismiss for lack of personal jurisdiction. If and when the stay and injunction issued by the South Carolina Court are lifted and dissolved, Shurwest will file its motion to dismiss for lack of personal jurisdiction.

**Page 1**

has on cases such as this one. The Court should stay this case to allow the South Carolina Court to determine the scope of its stay order.

## FACTUAL BACKGROUND

This action arises from fraudulent investment products created by Future Income Payments, LLC ("FIP") allegedly used to finance life insurance policies sold to Plaintiffs and members of the purported class. Although Plaintiffs' Amended Complaint names Shurwest as a defendant in this case, Shurwest played no role in the marketing, promotion, or sale of FIP products; instead, all alleged actions were taken by individuals that were not authorized by Shurwest to market, promote, or sell FIP products and whose request to participate in such activity Shurwest explicitly rejected. (Declaration of Philip J. Kaplan, submitted herewith ("Kaplan Dec."), Ex. 1, ¶¶ 4-5.)

Former Shurwest employee Melanie Schulze-Miller ("Schulze-Miller") led the effort to circumvent Shurwest's policies and market FIP despite Shurwest's refusal to do so. She formed her own company unaffiliated with Shurwest, MJSM Financial LLC ("MJSM"), to engage in these activities. (*See id*. at ¶¶ 6-11.) MJSM, Schulze-Miller, and her recruits—not Shurwest—benefitted from any marketing, promotion, or sale of FIP products. (*See id*. at ¶¶ 10-11.)

As a result of these acts, FIP, Schulze-Miller, and MJSM (among others) have been placed in a federal receivership by the United States District Court for the District of South Carolina. To ensure the proper oversight and management of the receivership and receivership assets, the District of South Carolina stayed all civil legal proceedings of any nature *involving* FIP, Schulze-Miller, and MJSM (as well as other receivership entities).

Plaintiffs have not named these entities in the present lawsuit in an attempt to bypass that stay. However, Plaintiffs' allegations make clear that the lawsuit involves FIP, Schulze-Miller, and MJSM.

## PROCEDURAL BACKGROUND

On March 12, 2019, a federal grand jury in South Carolina indicted FIP on charges of mail and wire fraud stemming from FIP's fraudulent investment products. *United States v. Kohn, et al.*, No. 6:19-cr-00239-BHH, Dkt. 2 (D.S.C. Mar. 12, 2019). On April 30, 2019, the South Carolina Court entered an order (the "Receivership Order") appointing a receiver "vested with full and exclusive power, duty and authority to administer and manage the business affairs, funds, assets, choses in action and any other property of the FIP Receivership Entities, marshal and safeguard all of the assets of the FIP Receivership Entities, and take whatever actions are necessary for the protection of the United States and investors." *In re Receiver for Scott A. Kohn, Future Income Payments, LLC, et al.*, No. 6:19-cv-1112, Dkt. 7 (D.S.C. Apr. 20, 2019) (Kaplan Dec., Ex. 2 at 3). An amended order was entered on July 18, 2019 to include additional individuals named in a superseding indictment (the "Amended Receivership Order"). *Id*. at Dkt. 9 (Kaplan Dec., Ex. 3). The receiver has filed more than thirty parallel actions, presumably seeking to collect and preserve assets for the benefit of FIP's victims.[2]

The Amended Receivership Order found that FIP and the individual defendants that orchestrated the fraudulent FIP scheme operated through various entities and individuals,

---

[2] In the interests of brevity, citations to those case numbers are omitted.

notably *not* including Shurwest. (Kaplan Dec., Ex. 3 at 2-3.) The Court found that these "entities and individuals controlled by and/or alter egos" of FIP (the "FIP Receivership Entities") include Schulze-Miller and MJSM, and it placed them in receivership along with FIP. (*Id.*) The Amended Receivership Order stays "all civil legal proceedings of any nature" "*involving*" the FIP Receivership Entities (including FIP, Schulze-Miller, and MJSM) "until further Order of this Court," and it enjoins the parties to any such action "from commencing or continuing any such legal proceeding or from taking any action in connection with any such proceedings." (*Id*. at ¶ 13 (emphasis added).)

Following multiple court decisions—both state and federal, as discussed below—finding that the Amended Receivership Order stays proceedings such as this one, one of the Plaintiff's lawyers responsible for lawsuits across the country filed, in South Carolina federal court on behalf of unnamed movants, a motion asking the South Carolina Court to clarify that the Amended Receivership Order does not stay cases such as this one. (Kaplan Dec., Ex. 4.) Shurwest intends to oppose that motion and ask the South Carolina Court to confirm what myriad other courts have: that cases like this remain stayed. Ultimately, the South Carolina Court will either agree with Shurwest, thus maintaining the stay over cases such as this one, or agree with the unnamed movants and allow cases such as this one to proceed.

## **ARGUMENT**

The receivership stay applies to this case because Plaintiffs' allegations hinge on the activities of those who allegedly promoted FIP products—not Shurwest, but MJSM, Schulze-Miller, and her recruits. Federal and state courts nationwide have agreed that the

**Page 4**

stay applies in such situations, even where the FIP Receivership Entities are not named as party defendants.  And the South Carolina Court has pending before it a motion to clarify the scope of the stay.  For these reasons, the Court should recognize the stay unless and until the South Carolina Court orders that it does not apply.

A. **THIS CASE IS SUBJECT TO THE RECEIVERSHIP STAY ORDER BECAUSE IT INVOLVES THE FIP RECEIVERSHIP ENTITIES.**

This case is subject to the receivership stay order because it involves the FIP Receivership Entities FIP, MJSM, and Schulze-Miller.  Plaintiffs did not sue FIP, MJSM, or Schulze-Miller, likely in an attempt to avoid the effects of the Amended Receivership Order's stay.  But the Amended Receivership Order is not limited to cases in which Receivership Defendants are parties (something the South Carolina Court could easily have ordered); it applies to all cases "*involving*" the Receivership Defendants.  (Kaplan Dec., Ex. 3 at ¶ 13 (emphasis added).)  This case certainly involves Receivership Defendants:  as reflected in the extensive allegations regarding FIP throughout the Amended Complaint, the claims are centered on the alleged process for, and consequences of, the promotion and sale of FIP products.  (*See* Am. Compl. [Dkt. #94] at ¶¶ 2-4, 8-9, 16, 19, 37, 40, 43, 46-50, 52-56, 58-67, 73-74, 80, 82-83, 84, 89, 91, 93, 95, 101, 103, 107-10, 112.)

B. **NUMEROUS COURTS HAVE FOUND THAT THE STAY APPLIES TO SIMILAR CASES, AND THE SOUTH CAROLINA COURT STANDS READY TO FINALLY MAKE THAT DETERMINATION.**

Courts nationwide have quelled similar attempts by plaintiffs to bring actions against Shurwest rather than the FIP Receivership Entities.  For example, in *Page v. Minnesota Life Insurance Co.*, No. SACV1801208AGKESX (C.D. Cal.)—another case involving allegations by an FIP investor against Shurwest in which neither FIP, MJSM, or

Schulze-Miller are named defendants—the court has stayed the proceedings, finding that the Amended Receivership Order applies. (*See* Kaplan Dec., Exs. 5 & 6 (Dkt. 146 & 150 – Sept. 24, 2019 and Nov. 18, 2019 minute orders staying case).) The court further indicated that the parties should seek clarification from Judge Hendricks of the District of South Carolina, who entered the Amended Receivership Order, should they want to release the stay. (*See id.*; *see also In re Vantex Land & Dev. Co., Inc.*, 47 B.R. 261, 265 (Bankr. D. Ariz. 1985) (recognizing "[i]t is improper" for Court to issue "interpretation of an order entered by another Court").)

Numerous other cases in Illinois, South Carolina, and California remain stayed. *See Metzner v. Anchor Financial, et al.*, No. 2019-CH-01301 (Ill. Chancery Ct., Cook Cty.); *Hess v. Storer*, No. 2018-CP-2304010 (S.C. Ct. of Comm. Pleas, 13th Jud. Dist.); *Burgess v. Storer*, No. 2018-CP-2304197 (S.C. Ct. of Comm. Pleas, 13th Jud. Dist.); *Stegelin v. Dixon*, No. 2019-CP-4000507 (S.C. Ct. of Comm. Pleas, 5th Jud. Dist.); *Billings v. Dixon*, No. 2019-CP-0400479 (S.C. Ct. of Comm. Pleas, 10th Jud. Dist.); *Deretchin v. Storer*, No. 2019-CP-2302042 (S.C. Ct. of Comm. Pleas, 13th Jud. Dist.); *Ayers v. Dixon*, No. 2019-CP-0400752 (S.C. Ct. of Comm. Pleas, 10th Jud. Dist.); *Leland v. Brown, et al.*, No. Civ-19-00627 (Cal. Super. Ct., Marin Cty.).[3]

Perhaps more fundamentally, a motion is pending before the South Carolina Court seeking clarification of the scope of the stay. (*See* Kaplan Dec., Ex. 4.) Shurwest intends to respond to that motion; its deadline for doing so is currently January 21, 2020. In short

---

[3] In the interests of brevity, copies of these orders are omitted.

order thereafter, the South Carolina Court will confirm—one way or another—what the effect of its stay on cases such as this one is. This Court should allow the South Carolina Court an opportunity to make that determination.

## **CONCLUSION**

The South Carolina Court imposed a broad litigation stay of all proceedings "involving"—and not simply naming as defendants—the FIP Receivership Entities. Multiple courts have confirmed that cases like this one are within the scope of the stay, and the South Carolina Court has before it a motion that will finally determine the scope of the stay. The Court should stay this case until the South Carolina Court has made its determination.

| | |
|---|---|
| Dated: January 8, 2020 | ANTHONY OSTLUND<br>BAER & LOUWAGIE P.A.<br><br>By:  *s/ Philip J. Kaplan*<br>   Brooke D. Anthony (#0387559)<br>   Philip J. Kaplan (#0389351)<br>3600 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, Minnesota 55402<br>Tel: (612) 349-6969<br>Fax: (612) 349-6996<br>Email: banthony@anthonyostlund.com<br>       pkaplan@anthonyostlund.com<br><br>*and* |

DLA PIPER LLP (US)

Jason S. Lewis (Texas Bar No. 24007551 – *pro hac vice application forthcoming*)
Jason M. Hopkins (Texas Bar No. 24059969 – *pro hac vice application forthcoming*)
1900 N. Pearl St., Ste. 2200
Dallas, Texas 75201
Tel: (214) 743-4546
Fax: (972) 813-6267
Email: Jason.Lewis@dlapiper.com
Jason.Hopkins@dlapiper.com

*Attorneys for Defendant Shurwest, LLC*