# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

ROCCO CIOFOLETTI and LARRY
STOSPAL, *et al.*, on behalf of themselves
and all others similarly situated,

        Plaintiff,

v.

SECURIAN FINANCIAL GROUP, INC.,
et al.,

        Defendants.

Case No: 18-cv-3025 (JNE/ECW)

**ORDER**

This case is before the Court on the "Notice of Stay" filed by Shurwest, LLC ("Shurwest") (Dkt. 102) and the parties' letters filed on February 6, 2020 (Dkts. 124, 125.)  For the reasons stated below, the stay entered by the Court on January 21, 2020, is lifted and the parties are directed to file a proposed amended pretrial scheduling order within ten (10) days of the date of this Order.

As background, Plaintiff Rocco Ciofoletti filed this putative class action on October 26, 2018, alleging claims on behalf of individuals who purchased insurance from Securian Financial Group, Inc.; Minnesota Life Insurance Company; Securian Life Insurance Company; and Minnesota Mutual Companies, Inc. using loans from Future Income Payments, LLC or its subsidiaries (collectively, "FIP").  (Dkt. 1 at 1.)  Plaintiff alleged that the "Securian Financial Network" facilitated a massive illegal loan scheme perpetrated by FIP and sought recovery of premiums paid and monies lost by class

members.  (*Id.* at 1-2.)  The Court entered an order on the parties' stipulation to consolidate this action with *Stospal v. Securian Financial Group, Inc.*, Case No. 18-cv-3047 (JNE/ECW), and appointed the law firms of Gustafson Gluek PLLC as Minnesota Co-Lead Interim Counsel and Squitieri & Fearon, LLP, and Wexler Wallace LLP to serve as additional Interim Co-Lead Counsel in the consolidated class action.  (Dkt. 56.)  Plaintiff Ciofoletti and Plaintiff Larry Stospal filed a Consolidated Amended Class Action Complaint on March 22, 2019 (Dkt. 57) and the Court issued a Pretrial Scheduling Order on May 9, 2019 (Dkt. 72).  The Court set a settlement conference for January 29, 2020.  (Dkt. 78.)

Pursuant to the Pretrial Scheduling Order, Plaintiffs filed their class certification motion on December 2, 2019.  (Dkt. 84; *see* Dkt. 72 at 3.)  On the same day, Plaintiffs filed an unopposed Motion for Leave to File an Amended Complaint seeking to add Shurwest as a defendant.  (Dkts. 79, 81.)  The Court granted that Motion on December 3, 2019, and Plaintiffs filed a Consolidated Second Amended Class Action Complaint adding Shurwest as a defendant on the same day.  (Dkts. 93, 94.)

On January 8, 2020, Shurwest filed a "Notice of Stay" and supporting declaration asserting that this action, by virtue of naming Shurwest, was subject to a stay imposed by the U.S. District Court for the District of South Carolina in a federal receivership action ("Receivership Stay").  (Dkt. 102.)  According to Shurwest, former Shurwest employee Melanie Schulze-Miller sought permission from Shurwest to market FIP products, was denied permission by Shurwest, and then formed her own company, MJSM Financial

LLC ("MJSM"), to market FIP products.[1]  (*Id.* at 2.)  The South Carolina court has placed FIP, Schulze-Miller, and MJSM into a federal receivership.  *See United States v. Kohn*, No. 6:19-cr-00239-BHH (D.S.C. Mar. 12, 2019).  In an order dated July 18, 2019, the South Carolina court stayed:

> All civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or any other actions of any nature involving: (1) the Receiver, in his capacity as Receiver; (b) [sic] any Receivership Property, wherever located; (c) any of the Receivership Entities, including subsidiaries and partnerships, or, (d) any of the Receivership Entities' pa[s]t or present officers, directors, managers, agents, or general or limited partners sued for or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise (such proceedings are hereinafter referred to as "Ancillary Proceedings").

(Dkt. 103-1, Ex. 3 at 25.)[2]

FIP, Schulze-Miller, and MJSM are named as Receivership Entities.  (*Id.* at 19-20.)  Shurwest is not.  (*Id.*)  Shurwest contends, however, that this action "involv[es]" Receivership Entities, namely, Schulze-Miller and MJSM, because allegations involving Schulze-Miller and MJSM are the basis for Plaintiffs' claims against Shurwest, and that this action is therefore subject to the Receivership Stay.  (Dkt. 102 at 5.)  Shurwest also contends that numerous courts around the country have found the Receivership Stay applies to actions in which none of FIP, Schulze-Miller, nor MJSM are named as defendants, and that the Court should similarly find the Receivership Stay applies here.

---

[1]  Shurwest asserts that MJSM was unaffiliated with Shurwest.  (*Id.*)

[2]  All pagination refers to the CM/ECF pagination unless otherwise indicated.

3

(*Id.* at 5-6.)  In addition, Shurwest argued that a motion to "clarify" the Receivership Stay had been brought before the South Carolina court and that this Court should stay this action pending Shurwest's response to that motion to clarify and the South Carolina court's decision on it.  (*Id.* at 6-7.)  Shurwest is not one of the entities which brought the motion to clarify and in fact is identified as one of the "main defendants" that the movants assert is not subject to the Receivership Stay and is using the Receivership Stay as a "tool to delay" litigation.  (Dkt. 103-1, Ex. 4 at 39.)

Plaintiffs respond that "[t]he Receiver himself has stated that the Amended Receivership Order does not apply to claims against Shurwest" and noted that two days before Shurwest filed its Notice of Stay, one court had held that the stay did not apply in a similar case against Shurwest.  (Dkt. 115 at 1-2, 9-11.)  Plaintiffs also argue that the Receivership Stay had never been applied in any case where no Receivership Entity had been named as a defendant and that in one of the cases relied on by Shurwest, *Page v. Minnesota Life Ins. Co.*, Case No. 8:18-cv-01208 (C.D. Cal., Sept. 20, 2019), not only had FIP been a named defendant when the stay was entered, but the Receiver stated in an August 29, 2019 email that in his view, "Shurwest is not subject to the stay provision." (Dkt. 115 at 1, 11-12; *see also* Dkt. 116-1, Ex. D ¶ 4.)  Plaintiffs also contend that the motion to clarify would not "decide" whether the stay applied to this case because it was limited to the movants' cases (which did not include this action).  (*Id.* at 12-13.)

In addition, and perhaps most importantly at this stage, Plaintiffs contend that the Eighth Circuit's decision in *Ritchie Capital Mgmt., LLC v. Jeffries*, 653 F.3d 755 (8th Cir.

2011), controls whether this case should be stayed.  (*Id.* at 7-8.).  In *Ritchie*, the Eighth Circuit held:

> A federal court supervising an equity receivership has inherent equitable authority to issue a variety of ancillary relief to protect the receivership and, true enough, the scope of that relief is not limited to parties before the court. Permissible ancillary relief includes issuance of orders imposing blanket stays of litigation, in order to give the receiver "a chance to do the important job of marshaling and untangling a company's assets without being forced into court by every investor or claimant."  **But the court's power to stave off suits by third parties turns on these suits' ability to deplete the res of the receivership estate.  The court's equitable powers do not reach cases that pose no threat to the assets of the receivership**.

653 F.3d at 762 (citations omitted) (emphasis added).  Plaintiffs contend that because this action does not name any Receivership Entity as a defendant, seek to recover from any Receivership Entity, or seek any Receivership assets, *Ritchie* requires the conclusion that this action is not subject to the Receivership Stay.  (Dkt. 115 at 7-8.)

The Court held a hearing on the Notice of Stay (which it treated as a non-dispositive motion) on January 21, 2020.  (Dkt. 117.)  At the hearing, Shurwest argued that this action would affect the assets of the Receivership because Shurwest had an indemnification claim against Schulze-Miller and MJSM that it was currently unable to pursue.  (Dkt. 121 at 6:7-20.)  Shurwest also argued that permitting this action to go forward would be unfair to Shurwest because the stay imposed by the South Carolina court prevents Shurwest from filing a third-party action against Schulze-Miller or otherwise proceeding against her.  (*Id.* at 6:21-7:13.)  Shurwest also argued that its anticipated motion seeking interpleader before the South Carolina court would clarify what remedies Shurwest could seek against Schulze-Miller and MJSM.  (*See generally id.*

5

at 7:14-10:17.)  At the conclusion of the hearing, the Court issued a stay of no more than 60 days, pursuant to its inherent authority under *Landis v. North American Co.*, 299 U.S. 248 (1936), to permit time for the South Carolina court to rule on the motion to clarify.

On January 27, 2020, the South Carolina court ruled on the motion to clarify.  (*See* Dkt. 124-1, Ex. A ("Clarification Order").)  The South Carolina court granted the motion insofar as it partially lifted the stay with respect to all cases the movants (again, which do not include Shurwest) "are pursuing or will pursue against any individual or entity covered by the stay provision" based on the movants' agreement that they would not attempt to settle or collect a judgment regarding any assets of any individual or entity covered by the stay provision without acknowledging and first satisfying the Receiver's priority interest and/or holding that interest in escrow.  (*Id.* at 2.)  It denied Shurwest's "competing Motion to Intervene" as moot because its substance was "limited to the Court's ruling on the applicability of the stay."[3]  (*Id.* at 3.)  On February 6, 2020, Plaintiffs filed a letter asserting that the Clarification Order eliminated any factual grounds for Shurwest's Notice of Stay and undermined any legal basis for Shurwest's demand that all aspects of this action be indefinitely stayed.  (Dkt. 124 at 1.)  On the same day, Shurwest filed a letter taking the contrary position that the Clarification Order clarifies that the stay applies "to litigation such as this case."  (Dkt. 125 at 1.)

---

[3]     Shurwest asked the South Carolina Court to confirm that cases where Schulze-Miller and MJSM are (according to Shurwest) indispensable parties (including this case) are subject to the stay or to modify the stay to allow Schulze-Miller and MJSM to be joined as parties in those cases.  *See generally, United States v. Kohn*, No. 6:19-cr-00239-BHH, Dkt. 36 (D.S.C. Jan. 24, 2020).

6

The Court has carefully considered the Clarification Order and underlying motions and briefs in the South Carolina action, as well as the February 6, 2020 letters filed in this action.  As suggested by the contradictory positions taken by Plaintiffs and Shurwest with respect to the Clarification Order, that order did not particularly clarify matters with respect to this case.  Regardless, the Court stayed this case only pending the Clarification Order.  (Dkt. 117.)  Because the Clarification Order has issued, the Court lifts the January 21, 2020 stay entered pursuant to its inherent authority.

Having lifted that stay, the Court now considers whether this case is subject to the Receivership Stay.  The Court finds this question is controlled by the Eighth Circuit's holding in *Ritchie*.  In *Ritchie*, the Eighth Circuit found that a receivership stay was not implicated by a "new litigation" that had "no potential impact on the bankrupt entity" where "no receivership defendant" was named in the new litigation and no receivership defendant was in privity with the named defendants in the new litigation. 653 F.3d at 763-64.  Here, this action does not name any Receivership Entity as a defendant and does not pose a threat to the assets of the Receivership.  *See id.* at 762-63.  Further, Shurwest has not argued that it is in privity with any Receivership Entity.  Consequently, the outcome of this case "cannot have a binding effect" on Schulze-Miller or MJSM (or any other Receivership Entity).  *See id.* at 764.  The Court finds the Receivership Stay does not apply to this case.

In its February 6, 2020 letter, Shurwest seeks additional time to prepare a pleading asserting claims against Schulze-Miller that it "would file but cannot until Plaintiffs seek and obtain stay relief." (Dkt. 125 at 2.)  The Court interprets this as a request to extend

7

the January 21, 2020 stay or perhaps impose a new stay pursuant to its inherent authority. Having considered the interests of Plaintiffs in resolution of this action, the interest of Shurwest in seeking relief against Schulze-Miller and MJSM, the stage of these proceedings, and the uncertainty surrounding Shurwest's potential claims against Schulze-Miller and MJSM, the Court declines to further delay this matter pending Shurwest's anticipated pleading.

Accordingly, based on the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. The stay entered in this case on January 21, 2020 is **LIFTED**.

2. The parties are directed to meet and confer regarding the schedule in this action, including the schedule for any remaining briefing on Plaintiffs' class certification motion (Dkt. 84), and to file a proposed amended scheduling order **within ten (10) days of the date of this Order**. To the extent the parties disagree with respect to the proposed amended scheduling order, they shall set forth their positions as to any disagreements in letters filed on CM/ECF contemporaneously with the proposed amended scheduling order.

3. The parties are directed to send confidential *ex parte* letters to Magistrate_Wright_Chambers@mnd.uscourts.gov setting forth their respective positions as to the appropriate timing for a settlement conference before the Court and any other information the parties believe would assist with respect to settlement **within ten (10) days of the date of this Order**.

Dated: February 10, 2020         *s/Elizabeth Cowan Wright*
                                 ELIZABETH COWAN WRIGHT
                                 United States Magistrate Judge