UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ELEANOR and ROCCO CIOFOLETTI and LARRY STOSPAL, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>-vs-<br><br>SECURIAN FINANCIAL GROUP, INC., MINNESOTA LIFE INSURANCE COMPANY, SHURWEST, LLC, SECURIAN LIFE INSURANCE COMPANY and MINNESOTA MUTUAL COMPANIES, INC.,<br><br>          Defendants. | Case No.: 0-18-cv-03025-JNE-ECW<br><br>**STIPULATION FOR AMENDED PRETRIAL SCHEDULING ORDER** |

Pursuant to this Court's Order dated February 26, 2020 (ECF No. 129), the parties, through their undersigned counsel, hereby stipulate[1] to amend the Court's Pretrial Scheduling Order dated May 9, 2019 (ECF No. 72) as set forth below.

**TELEPHONE STATUS CONFERENCE**

A telephone status conference to update the Court on discovery and the parties' positions with respect to the timing of a settlement conference is scheduled for

_____, at _____. Chambers will circulate dial-in information in advance of the status conference.

---

[1] Defendant Shurwest takes a differing position on whether the schedule should be set past Plaintiffs' motion for class certification, which it will explain in a separately filed letter.

**PRESERVATION OF DOCUMENTS AND ELECTRONIC DISCOVERY**

The parties shall be subject to and abide by the Protective Order (ECF No. 75) previously entered in this action. The parties will continue to abide by the Stipulated Electronic Discovery Protocol previously filed with this court (ECF No. 67).

**DEADLINES FOR INITIAL DISCLOSURES AND FACT DISCOVERY**

1. Shurwest must make its initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before October 30, 2020.

2. Fact discovery shall close on or before May 1, 2021.

**ADDITIONAL DISCOVERY LIMITATIONS**

The following discovery limitations apply:

1. No more than a total of **25** interrogatories, counted in accordance with Rule 33(a), shall be served by plaintiffs upon either defendant group (i.e., Securian group of defendants and Shurwest defendant) and each defendant group shall serve no more than 25 interrogatories on the plaintiffs collectively.

2. Document requests shall not be limited.  The parties understand that objections to document requests must meet the requirements of amended Rule 34(b)(2)(B).

3. No more than **25** requests for admissions shall be served by Plaintiffs and either defendant group (i.e., Securian group of defendants and Shurwest defendant) upon any other party group.

4. No more than 22 depositions, excluding expert witness depositions, shall be taken by plaintiffs and defendants shall collectively be limited to 22 depositions. Plaintiffs or Defendants may determine additional depositions beyond this number are needed. If that happens, the Parties will meet and confer in an attempt to reach agreement on additional depositions. If the Parties are unable to reach agreement, the Party, or Parties, seeking additional depositions may request additional depositions from the Court.

**CLASS CERTIFICATION MOTION**

Plaintiffs shall file and serve their motion for class certification on or before January 29, 2021.

Plaintiffs shall disclose the identities of any expert witnesses offered at the class certification stage and provide written reports and other disclosures required under Fed. R. Civ. P. 26(a)(2)(A)(B) and (C) at the time of filing of Plaintiff's Motion for Class Certification.

Defendants shall disclose the identities of any expert witnesses offered at the class certification stage and provide written reports and other disclosures required under Fed. R. Civ. P. 26(a)(2)(A)(B) and (C) at the time of filing of Defendants' Opposition to Plaintiff's Motion for Class Certification.

Plaintiffs may file a reply to any opposition served by Defendants and designate rebuttal expert. The timing of submission of oppositions and reply briefs shall be as follows: Defendants must file and serve any opposition or before March 30, 2021 (60 days after Plaintiffs file their motion for class certification). Plaintiffs must file any reply to any opposition filed by Defendants on or before May 14, 2021 (45 days after Plaintiffs file their motion for class certification).

Plaintiffs shall call Cathy Cusack, District Judge Joan N. Ericksen's Courtroom Deputy, at 612-664-5890 to schedule the hearing for the class certification motion.

## DEADLINE FOR NON-CLASS CERTIFICATION EXPERT DISCOVERY

Disclosure of the identity of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B), and production of the written report prepared and signed by the expert witness, must be made as follows:

1. Plaintiffs anticipate calling up to **3** experts. The Securian Defendants anticipate calling up to 3-4 experts. Each side may take one deposition per expert.

2. Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B) (accompanied by the written report prepared and signed by the expert witness) and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

    a) Identities of testifying experts and disclosures by the party with the burden of proof on or before June 25, 2021.

    b) Rebuttal identities of testifying experts and disclosures on or before August 6, 2021.

3. Expert discovery, including depositions, shall be completed by September 17, 2021.

## NON-CLASS CERTIFICATION EXPERT DISCOVERY

1. If any party determines that it will call any expert witness at trial whose opinions and report have not already been disclosed in the class certification stage of the action, the parties propose that the Court establish the following plan for such additional expert discovery:

    a) Plaintiffs anticipate calling up to 3 experts at trial. Defendant Securian anticipates calling up to 3-4 experts and Shurwest anticipates calling up to 2-3 experts. Each expert may be deposed only once and only for the time permitted under the FRCP, unless the parties agree otherwise;

        i) Plaintiffs believe that deadlines should be identified by who bears the burden of proof on an issue.

    b)    Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B) (accompanied by the written report prepared and signed by the expert witness) and the full disclosures required by Rule 26(a)(2)(C), shall be made by June 25, 2021.

        i)    Rebuttal identities of testifying experts and disclosures on or before August 6, 2021.

    c)    Expert discovery, including depositions, shall be completed by September 17, 2021.

## NON-DISPOSITIVE MOTION DEADLINES

The parties propose the following deadlines for filing non-dispositive motions:

1. Except as provided in paragraph 4 below, all non-dispositive motions and supporting documents, including those that relate to fact discovery, shall be filed and served on or before: May 31, 2021.

2. All non-dispositive motions and supporting documents that relate to expert discovery shall be filed and served on or before: October 1, 2021.

## DISPOSITIVE MOTION DEADLINES

The parties believe that expert discovery must be completed before dispositive motions are filed. The parties recommend that all dispositive motions be filed and served on or before November 15, 2021.

## SETTLEMENT

1. The parties must conduct a meaningful discussion about possible settlement before the initial pretrial conference, including a written demand by the Plaintiff(s) and a written response by each Defendant. The parties must also discuss whether private mediation or an early settlement conference with the Court (or another form of alternative dispute resolution) would be productive and, if so, when it should occur and what discovery, if any, would be necessary to conduct before such a conference.

   The results of that discussion, including any proposals or recommendations, are as follows: _____.

2. Each party will email to Magistrate Judge Wright's chambers, no later than **one (1) week before** the pretrial conference, a confidential letter of no more than three (3) pages, setting forth what settlement discussions have taken place, whether the party believes an early settlement conference would be productive, what discovery each party believes is necessary before an early settlement conference can take place and any additional, confidential information about the party's interest in settlement or possible settlement proposals as may be of assistance to Magistrate Judge Wright in planning or furthering early settlement efforts. [**NOTE:** This confidential letter should not advance arguments or positions on issues that may come before Magistrate Judge Wright for ruling.]

3. The Court will discuss this topic with the parties at the pretrial conference and will set a date for an early settlement conference or for a status conference to determine when the case will be ready for a productive settlement conference.

## **TRIAL**

1. Trial by Magistrate Judge:

   The parties **have not** agreed to consent to jurisdiction by the Magistrate Judge pursuant to Title 28, United States Code, Section 636(c). (If the parties agree, the consent form, signed by both parties, should be filed with the Clerk of Court.) Please note that if the parties consent to magistrate judge jurisdiction, all proceedings, including trial by jury, if any, will be before the magistrate judge assigned to the case.

2. The parties agree that this case will be ready for trial on February 1, 2022.

   a) The anticipated length of the jury trial is 8-14 days.

Date: October 1, 2020	By:  *s/Daniel J. Nordin*
Daniel J. Nordin (#392393)
Daniel E. Gustafson (#202241)
Karla M. Gluek (#238399)
Amanda M. Williams (#341691)
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Tel: (612) 333-8844
dnordin@gustafsongluek.com
dgustafson@gustafsongluek.com
kgluek@gustafsongluek.com
awilliams@gustafsongluek.com

Lee Squitieri (*pro hac vice*)
**SQUITIERI & FEARON, LLP**
32 East 57th Street
12th Floor
New York, New York 10022
Tel: (212) 421-6492
lee@sfclasslaw.com

Kenneth A. Wexler (*pro hac vice*)
Kara A. Elgersma (*pro hac vice*)
**WEXLER WALLACE LLP**
55 W. Monroe Street
Suite 3300
Chicago, Illinois 60603
Tel: (312) 346-2222
kaw@wexlerwallace.com
kae@wexlerwallace.com

*Counsel for Plaintiffs*

Date:  October 1, 2020                By:  *s/Kathy J. Huang*
                                      Kathy J. Huang (*pro hac vice*)
                                      Gillian H. Clow (*pro hac vice*)
                                      **ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA  90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
kathy.huang@alston.com
gillian.clow@alston.com

Shawn M. Raiter (#240424)
**LARSON KING**
30 East Seventh St., Ste. 2800
St. Paul, MN 55101
Tel:  (651) 312-6500
Fax:  (651) 312-6618
sraiter@larsonking.com

Robert D. Phillips, Jr. (*pro hac vice*)
Rachel A. Naor (*pro hac vice*)
**ALSTON & BIRD LLP**
560 Mission Street, 21st Floor
San Francisco, CA  94105
Telephone: (415) 243-1999
Facsimile: (415) 243-1001
bo.phillips@alston.com
rachel.naor@alston.com

*Attorneys for Defendants*
*Securian Financial Group, Inc., Minnesota Life Insurance Company, Securian Life Insurance Company, and Minnesota Mutual Companies, Inc.*

Date:  October 1, 2020         By:  *s/Brook D. Anthony*
                                               Brooke D. Anthony (#0387559)
                                               Philip J. Kaplan (#0389351)
                                               ANTHONY OSTLUND BAER & LOUWAGIE P.A.
                                               3600 Wells Fargo Center
                                               90 South Seventh Street
                                               Minneapolis, MN 55402
                                               Tel:  (612) 349-6969
                                               Fax:  (612) 349-6996
                                               banthony@anthonyostlund.com
                                               pkalpan@anthonyostlund.com

                                               and

                                               Jason S. Lewis (pro hac vice)
                                               Jason M. Hopkins (pro hac vice)
                                               DLA PIPER LLP (US)
                                               1900 N. Pearl St., Ste. 2200
                                               Dallas, Texas 75201
                                               Telephone: (214) 743-4500
                                               Facsimile: (214) 743-4545
                                               jason.lewis@dlapiper.com
                                               jason.hopkins@dlapiper.com


                                               ***Attorneys for Defendant***
                                               ***Shurwest, LLC***