UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ELEANOR and ROCCO CIOFOLETTI and LARRY STOSPAL, on behalf of themselves and all others similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>SECURIAN FINANCIAL GROUP, INC., MINNESOTA LIFE INSURANCE COMPANY, SHURWEST, LLC, SECURIAN LIFE INSURANCE COMPANY and MINNESOTA MUTUAL COMPANIES, INC.,<br><br>     Defendants. | Case No. 18-cv-3025 (JNE/ECW)<br><br>**AMENDED PRETRIAL SCHEDULING ORDER** |

This case is before the Court on the Stipulation for Amended Pretrial Scheduling Order (Dkt. 172) and the letter filed by Shurwest, LLC regarding the proposed schedule (Dkt. 174). Having considered the foregoing, and for good cause shown, **IT IS ORDERED** that the Scheduling Order is amended as follows:

**TELEPHONE STATUS CONFERENCE**

A telephone status conference to update the Court on discovery and the parties' positions with respect to the timing of a settlement conference is scheduled for May 17, 2021 at 9:30 Chambers will circulate dial-in information in advance of the status conference.

**PRESERVATION OF DOCUMENTS AND ELECTRONIC DISCOVERY**

The parties shall be subject to and abide by the Protective Order (ECF No. 75) previously entered in this action. The parties will continue to abide by the Stipulated Electronic Discovery Protocol previously filed with this court (ECF No. 67).

**DEADLINES FOR INITIAL DISCLOSURES AND FACT DISCOVERY**

1. Shurwest must make its initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before **October 30, 2020**.

2. Fact discovery shall close on or before **May 3, 2021**.

**ADDITIONAL DISCOVERY LIMITATIONS**

The following discovery limitations apply:

1. No more than a total of 25 interrogatories, counted in accordance with Rule 33(a), shall be served by plaintiffs upon either defendant group (i.e., Securian group of defendants and Shurwest defendant) and each defendant group shall serve no more than 25 interrogatories on the plaintiffs collectively.

2. Document requests shall not be limited.  The parties understand that objections to document requests must meet the requirements of amended Rule 34(b)(2)(B).  If the responding party is producing copies of documents or copies of electronically stored information and the copies are not produced with the responses, another reasonable time must be specified in the response.  If the requesting party disagrees that this is reasonable, the parties must meet and confer to agree on the timetable for production.

3. No more than 25 requests for admissions shall be served by Plaintiffs and either defendant group (i.e., Securian group of defendants and Shurwest defendant) upon any other party group.

4. No more than 22 depositions, excluding expert witness depositions, shall be taken by plaintiffs and Defendants shall collectively be limited to 22 depositions.  Plaintiffs or Defendants may determine additional depositions beyond this number are needed.  If that happens, the parties will meet and confer in an attempt to reach agreement on additional depositions.  If the

parties are unable to reach agreement, the party, or parties, seeking additional depositions may request additional depositions from the Court.

## **CLASS CERTIFICATION MOTION**

Plaintiffs shall file and serve their motion for class certification on or before **January 29, 2021**.

Plaintiffs shall disclose the identities of any expert witnesses offered at the class certification stage and provide written reports and other disclosures required under Fed. R. Civ. P. 26(a)(2)(A)(B) and (C) at the time of filing of Plaintiff's Motion for Class Certification.

Defendants shall disclose the identities of any expert witnesses offered at the class certification stage and provide written reports and other disclosures required under Fed. R. Civ. P. 26(a)(2)(A)(B) and (C) at the time of filing of Defendants' Opposition to Plaintiff's Motion for Class Certification.

Plaintiffs may file a reply to any opposition served by Defendants and designate a rebuttal expert. The timing of the submissions of oppositions and reply briefs shall be as follows: Defendants must file and serve any opposition or before **March 30, 2021** (60 days after Plaintiffs file their motion for class certification). Plaintiffs must file any reply to any opposition filed by Defendants on or before **May 14, 2021** (45 days after Plaintiffs file their motion for class certification).

Plaintiffs shall call **Cathy Cusack**, District Judge Joan N. Ericksen's Courtroom Deputy, at 612-664-5890 to schedule the hearing for the class certification motion before filing their motion for class certification.

## DEADLINE FOR NON-CLASS CERTIFICATION EXPERT DISCOVERY[1]

If any party determines that it will call any expert witness at trial whose opinions and report have not already been disclosed in the class certification stage of the action, the following schedule will govern such additional expert discovery:

1. Plaintiffs anticipate calling up to 3 experts. The Securian Defendants anticipate calling up to 3-4 experts and Shurwest anticipates calling up to 2-3 experts. Each expert may be deposed only once and only for the time permitted under the Federal Rules of Civil Procedure, unless the parties agree otherwise or otherwise ordered by the Court.

2. Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B) (accompanied by the written report prepared and signed by the expert witness) and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

    a) Identities of testifying experts and disclosures by the party with the burden of proof on or before **June 25, 2021**.

    b) Rebuttal identities of testifying experts and disclosures on or before **August 6, 2021**.

3. Expert discovery, including depositions, shall be completed by **September 17, 2021**.

## NON-DISPOSITIVE MOTION DEADLINES

The parties propose the following deadlines for filing non-dispositive motions:

1. Except as provided in paragraph 4 below, all non-dispositive motions and supporting documents, including those that relate to fact discovery, shall be filed and served on or before: **May 17, 2021**.

---

[1] The parties' Stipulation and Proposed Order contained two separate sections relating to Non-Class Certification Expert Discovery. (*See* Dkt. 72 at 4 ("DEADLINE FOR NON-CLASS CERTIFICATION EXPERT DISCOVERY" and "NON-CLASS CERTIFICATION DISCOVERY").) The Court has consolidated those sections into a single section.

2.      All non-dispositive motions and supporting documents that relate to expert discovery shall be filed and served on or before: **October 1, 2021**.

**DISPOSITIVE MOTION DEADLINES**

All dispositive motions and supporting documents (notice of motion, motion, memorandum of law, affidavits and proposed order) shall be filed and served on or before **November 17, 2021**.  Counsel for the moving party shall call **Cathy Cusack**, Judge Ericksen's Courtroom Deputy, at 612-664-5890 to schedule the hearing for the dispositive motion.  Upon receipt of a hearing date (or an instruction that the hearing will take place at a date and time to be determined by the Court), the moving party shall immediately file and serve the dispositive motion and supporting documents.

The parties shall comply with Local Rule 7.1 and the Electronic Case Filing Procedures Guide, Civil Cases.  When a motion, response or reply brief is filed on ECF, two paper courtesy copies of the pleading and all supporting documents shall be mailed or delivered to **Cathy Cusack**, Courtroom Deputy, at the same time as the documents are posted on ECF.

**SETTLEMENT**

A telephone status conference to update the Court on discovery and the parties' positions as to when a settlement conference before the Court would be productive is scheduled for **May 17, 2020, at 9:30 a.m.**  Chambers will circulate dial-in information in advance of the status conference.

The Court may sua sponte schedule status conferences or settlement conferences to explore options for alternative dispute resolution.  In addition, the Court will in its

discretion consider joint or *ex parte* requests that the Court schedule a settlement conference or otherwise assist in settlement negotiations, provided that the content of any *ex parte* request shall be strictly limited to the topic of settlement and shall not comment on any matter that may come before the Court for a ruling.  Such requests shall be submitted by email to Magistrate_Wright_Chambers@mnd.uscourts.gov.  The Court will treat *ex parte* requests as confidential unless otherwise advised.

## **TRIAL**

This case will be ready for a **jury** trial on or about **March 17, 2022**.  The anticipated length of trial is **8-14** days.


Dated: October 6, 2020

*s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge
