UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ELEANOR and ROCCO CIOFOLETTI, and
LARRY STOSPAL on behalf of themselves
and all others similarly situated,

                Plaintiffs,

v.

SECURIAN FINANCIAL GROUP, INC.,
MINNESOTA LIFE INSURANCE
COMPANY, SECURIAN LIFE INSURANCE
COMPANY, SHURWEST LLC and
MINNESOTA MUTUAL COMPANIES, INC.,

                Defendants.

Civil Action No.: 18-cv-03025-JNE-ECW

### DEFENDANT SHURWEST, LLC'S MEMORANDUM OF LAW
### IN SUPPORT OF MOTION TO COMPEL

Defendant Shurwest, LLC ("Shurwest") files this memorandum of law in support of its motion to compel pursuant to Federal Rules of Civil Procedure 33(b), 37(a)(3)(B)(iii), and 37(a)(5)(A) and respectfully states:

### Introduction

The Court should order Plaintiffs to verify their interrogatory responses. As shown below, the factual answers Plaintiffs provided are flatly contradicted by their own subsequent deposition testimony, which is fatal to their credibility as witnesses. Further, Plaintiffs testified in their interrogatory responses that they lack personal knowledge of basic facts necessary to prove their claims, which renders them improper class representatives and incompetent witnesses. Shurwest needs Plaintiffs' verification pages

to establish their lack of credibility, inability to represent any class, and lack of competency to testify as witnesses.

## Legal Standard

As the Court is well aware, Rule 33(b)(3) requires interrogatory answers to be answered under oath, and Rule 33(b)(5) requires that answers must be signed by the person making them.  Rule 37(a)(3)(B)(iii) permits a motion to compel production of compliant interrogatory answers, and Rule 37(a)(5)(A) provides for an award of fees if such a motion is granted.

## Factual Background

In its Rule 12 briefing,[1] Shurwest explained to the Court that it had nothing to do with FIP or Plaintiffs' alleged losses resulting from FIP.  Deposition testimony has now so proved.  Rocco Cioffoletti[2] testified[3] that he never bought any FIP product,[4] and he had no idea why Shurwest is a party to this lawsuit:

> Q:  Do you think Shurwest owes you any money?
> A:  I did not know who Shurwest even was, so I can't comment on their involvement.
> Q:  When did you first learn about Shurwest?
> A:  When I saw that they were one of the defendants along with Securian and Minnesota Life.
> Q:  First time that you heard the name Shurwest was in a paper that you got from your lawyer?
> A:  That's correct.

---

[1] Doc. 136.

[2] Plaintiffs' counsel misspelled the Cioffolettis' last name as "Ciofoletti" in the Complaint.

[3] A true and correct copy of the transcript of Mr. Cioffoletti's deposition is attached as Exhibit A.

[4] Exhibit A at 32:14-16.

**Defendant Shurwest, LLC's Memorandum of Law
in Support of Motion to Compel**                                                                                               **Page 2**

> Q: Do you think Shurwest did anything wrong?
> A: I couldn't comment on that. I don't know what their business was.[5]

Mrs. Cioffoletti testified[6] that she had never had an investment with FIP either, and she only learned about FIP "through the news."[7] Like her husband, Mrs. Cioffoletti had no idea why Shurwest is in this case:

> Q: Ms. Cioffoletti, when was the first time you heard of Shurwest?
> A: I actually never heard of Shurwest.
> Q: As you sit here today, you've never heard of Shurwest?
> A: No.
> Q: You don't know what Shurwest is?
> A: No.[8]
>
> Q: Is it fair to say then that you've never talked to anybody that works for Shurwest?
> A: I have not.
> Q: And Shurwest never communicated with you --
> A: No.[9]
>
> Q: Shurwest never recommended that you invest with FIP, did it?
> A: No.[10]
>
> Q: Do you think Shurwest owes you any money?
> A: I don't know who Shurwest is.[11]

---

[5] *Id.* at 32:17 – 33:3.

[6] A true and correct copy of the transcript of Mrs. Cioffoletti's deposition is attached as Exhibit B.

[7] Exhibit B at 31:12-16; *see also id.* at 57:21-24:

> Q: Did I understand you correctly when you were talking to Ms. Huang to testify that you did not purchase any FIP product?
>
> A: I did not.

[8] *Id.* at 55:13-20.

[9] *Id.* at 56:5-9.

[10] *Id.* at 56:12-14.

[11] *Id.* at 58:6-7.

**Defendant Shurwest, LLC's Memorandum of Law**
**in Support of Motion to Compel**                                                                 Page 3

Importantly, the Cioffolettis are putative lead plaintiffs of a class of people who allegedly suffered losses at the hands of FIP, but *neither one of them ever bought an FIP product*, and *neither can articulate any facts that would support any claim against Shurwest*.

Mr. Stospal testified[12] that unlike the Cioffolettis he did actually buy an FIP product, but he could provide no factual support for any claim against Shurwest arising from that purchase:

> Q: Who at Shurwest have you talked to?
> A: No one.
> Q: You've never talked to anybody at Shurwest?
> A: Nope.
> Q: Do you have a contract with Shurwest?
> A: No, I don't.
> Q: Have you ever seen a piece of paper that had Shurwest's name on it?
> A: No.
> Q: You didn't buy your FIP product from Shurwest, did you?
> A: That -- no.[13]

When asked specifically about the lone claim remaining against Shurwest, Mr. Stospal struggled to speak in complete sentences:

> Q: Do you think that Shurwest assisted Minnesota Life in Minnesota Life's alleged breach of their fiduciary duty to you?
>
> A. Yes.
>
> Q: How?
>
> A: Well, there's a reason why you're here today. This would -- all -- this -- this would have been all positioned all through the -- the agents that Shur- -- Shurwest potentially marketed it to. I mean that's my understanding. I mean, like, it's -- it's funny how you can Google FIP and notice that the creator of

---

[12] A true and correct copy of the transcript of Mr. Stospal's deposition is attached as Exhibit C.

[13] Exhibit C at 121:3-14.

**Defendant Shurwest, LLC's Memorandum of Law**
**in Support of Motion to Compel**   Page 4

> FIP was an ex-con, and I mean how -- how can someone recommend -- even recommend a policy that has an ex-con's name tied to it?[14]

That answer is not only nonsensical; given Mr. Stospal's admission that Shurwest never recommended FIP,[15] it is also completely nonresponsive.

### Argument and Authorities

With this motion, Shurwest asks the Court to compel Plaintiffs to verify their interrogatory responses as required by the rules.[16] Undoubtedly, the Court is wondering why such a straightforward ministerial issue should require judicial attention. There are two reasons: (1) the factual answers Plaintiffs provided are demonstrably false, and (2) their attested lack of personal knowledge as to the interrogatories they did not answer forecloses their ability to serve as class representative or, for that matter, to competently testify at trial in support of their claims.

*1.     Plaintiffs' factual answers are demonstrably false.*

Shurwest's second interrogatory sought a description of the "due diligence performed by Plaintiffs prior to purchasing FIP products."[17] Plaintiffs collectively responded with this answer:

> Plaintiffs object to this request on the grounds that it contains unidentified terms, subject to this objection Plaintiffs state that they looked up information on the internet and consulted with their Shurwest/Securian agent.[18]

---

[14] *Id.* at 126:22 – 127:12.

[15] *Id.* at 130:16-22.

[16] A true and correct copy of Plaintiffs' unverified responses is attached as Exhibit D.

[17] Exhibit D at p. 3.

[18] *Id.*

**Defendant Shurwest, LLC's Memorandum of Law
in Support of Motion to Compel**                                                                                     Page 5

As to Mr. and Mrs. Cioffoletti, both of whom disclaimed under oath any purchase of FIP products, this answer is obviously false. Problematically, it is also false as to Mr. Stospal, who testified in his deposition as follows:

> Q: Did you look up information on the Internet prior to purchasing FIP products?
> A: No.
> Q: So any sworn statement to the contrary would be false?
> A: No, I didn't look it up on the Internet.[19]

Relatedly, Plaintiffs collectively responded to Shurwest's third interrogatory by averring that "they decided to purchase FIP products based upon information provided by their Advisor."[20] That answer may be true for Mr. Stospal, but it cannot be true for the Cioffolettis, given that neither one of them ever made a decision to purchase any FIP product.

Those aren't the only untrue answers Plaintiffs have submitted. Shurwest's first interrogatory sought a description of "all communications between any Plaintiff and Shurwest."[21] Plaintiffs again responded collectively:

> Plaintiffs invoke and rely upon Fed. R. Civ. P. 33(d) and direct Defendant to the documents provided in Response to Request for Production No. ___ as such responses constitute "records from which the answer to this Interrogatory may be ascertained."[22]

Yes, the blank is actually in the responses served on Shurwest, but that's not the point. The point is that the answer is false: no such communications can be produced *because none*

---

[19] Exhibit C at 124:5-10.

[20] Exhibit D at p. 3.

[21] *Id.* at p. 2.

[22] *Id.*

**Defendant Shurwest, LLC's Memorandum of Law
in Support of Motion to Compel** Page 6

*exist*. Mr. Cioffoletti testified that he "did not know who Shurwest even was"[23]; Mrs. Cioffoletti testified that she had "actually never heard of Shurwest"[24]; and Mr. Stospal testified that he had never talked to anybody at Shurwest or even seen a piece of paper with the word Shurwest on it.[25]

Obviously, the factual answers Plaintiffs provided are wholly inconsistent with their deposition testimony, and that inconsistency is fair game at trial under Federal Rule of Evidence 613.  The Court should order production of verification pages so that Shurwest can use them for impeachment at trial.

   2.     *Plaintiffs' attested lack of personal knowledge is case dispositive.*

Shurwest's Interrogatories 4-17 requested that Plaintiffs provide basic factual information relating to the allegations in their complaint.[26]  In response to each Interrogatory, Plaintiffs collectively responded: "Plaintiffs have no personal knowledge of the facts and circumstances that would be / could be responsive . . . ."[27]  That lack of personal knowledge renders them unable to serve as class representatives and incompetent to testify as witnesses.

As to capacity to serve as class representatives, lead plaintiffs must possess knowledge sufficient to ably assist their counsel in prosecuting the action in order for their

---

[23] Exhibit A at 32:17 – 33:3.

[24] Exhibit B at 55:13-20.

[25] Exhibit C at 121:3-14.

[26] Exhibit D at pp. 3-9.

[27] *Id*.

**Defendant Shurwest, LLC's Memorandum of Law
in Support of Motion to Compel**                                                                                         **Page 7**

representation of the class to be adequate. *See Figas v. Wells Fargo & Co.*, No. 08-4546 (PAM/FLN), 2010 WL 2943155, at *6 (D. Minn. Apr. 6, 2010); *see also Bodner v. Oreck Direct, LLC*, No. C 06-4756 MHP, 2007 WL 1223777, at *2 (N.D. Cal. Apr. 25, 2007) (typicality and adequacy requirements of Rule 23(a) not met "[i]n light of plaintiff's undeniable and overwhelming ignorance regarding the nature of th[e] action, the facts alleged, and the theories of relief against defendant"). Plaintiffs have disclaimed the personal knowledge necessary to serve as representatives of a class seeking to recover from Shurwest. They disclaimed any personal knowledge that Shurwest marketed, promoted, or sold FIP.[28] They disclaimed personal knowledge of the services the complaint alleges that Shurwest provided.[29] They disclaimed personal knowledge of the identities of the Shurwest employees their complaint alleges "sold FIP products."[30] They disclaimed personal knowledge of their complaint's allegation that Shurwest "vetted FIP products."[31] And they disclaimed personal knowledge about how the Securian Defendants breached any fiduciary duties, or how Shurwest assisted the Securian Defendants in those breaches (which, the Court will recall, is the only triable issue left as to Shurwest).[32] With that wholesale lack of knowledge, they cannot serve as designated representatives of any class. The Court should order production of verification pages so that Shurwest may use them in

---

[28] Exhibit D at pp. 4-5 (Interrogatory No. 7).

[29] *Id.* at p. 5 (Interrogatory No. 8).

[30] *Id.* at pp. 5-6 (Interrogatory No. 9).

[31] *Id.* at pp. 7-8 (Interrogatory No. 13).

[32] *Id.* at pp. 8-9 (Interrogatories Nos. 15-16).

**Defendant Shurwest, LLC's Memorandum of Law
in Support of Motion to Compel** Page 8

opposition to any motion for class certification.

As to competency to testify, Federal Rule of Evidence 602 unambiguously provides that a "witness may testify to a matter only if . . . the witness has personal knowledge of the matter." Fed. R. Evid. 602. As set forth in the preceding paragraph, Plaintiffs have denied having any personal knowledge of facts crucial to proving their claims. The Court should order production of verification pages so that Shurwest may use them in support of a motion to disqualify testimony, motion *in limine*, or other similar motion.

## Prayer

Shurwest respectfully requests that the Court order Plaintiffs to provide verification pages to their interrogatory responses as required by Rule 33(b)(3) and 33(b)(5). Shurwest also requests that the Court order Plaintiffs or their counsel to pay the fees incurred in connection with this motion pursuant to Rule 37(a)(5)(A). Shurwest requests all other relief to which the Court finds it to be justly entitled.

*/s/ Jason M. Hopkins*
Brooke D. Anthony (#0387559)
Philip J. Kaplan (#0389351)
**ANTHONY OSTLUND**
**BAER & LOUWAGIE P.A.**
3600 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
Tel: (612) 349-6969
Fax: (612) 349-6996
Email:  banthony@anthonyostlund.com
          pkaplan@anthonyostlund.com

*and*

Jason S. Lewis
(Texas No. 24007551 *pro hac vice*)
Jason M. Hopkins
(Texas No. 24059969 *pro hac vice*)
**DLA PIPER LLP (US)**
1900 N. Pearl St., Ste. 2200
Dallas, Texas 75201
Tel: (214) 743-4500
Fax: (214) 743-4545
Email:  jason.lewis@dlapiper.com
          jason.hopkins@dlapiper.com

*Attorneys for Defendant Shurwest, LLC*

## CERTIFICATE OF CONFERENCE

Pursuant to Rule 37(a)(1), I certify that on multiple occasions I requested that Mr. Squitieri provide verifications to Plaintiffs' interrogatory responses. No verifications have been received, and this motion is therefore presented to the Court for determination.

/s/ Jason M. Hopkins
Jason M. Hopkins

## CERTIFICATE OF SERVICE

I certify that I served the foregoing document on all counsel of record on March 10, 2021 via the Court's CM/ECF system.

/s/ Jason M. Hopkins
Jason M. Hopkins