UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ROCCO CIOFOLETTI, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>-vs-<br><br>SECURIAN FINANCIAL GROUP, INC., et al.,<br><br>Defendants. | Case No.: 0:18-cv-03025-JNE-ECW |

**DECLARATION OF LEE SQUITIERI
IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**

I, Lee Squitieri, submit this declaration in support of plaintiffs' motion for class certification and declare pursuant to 28 USC § 1746 and under the penalty of perjury that the foregoing is true and correct.

1. I am one of the Court-appointed Co-Lead Counsel for the plaintiffs and the putative class in this action. I make this declaration in support of plaintiff's motion for class certification.

**Index of Exhibits**

2. Attached hereto as Exhibit 1 is a true and correct copy of Organizational Chart of Minnesota Mutual Companies, Inc. as of January 1, 2019 (ML 000641).

3. Attached hereto as Exhibits 2(a)-(j) are true and correct copies of regulatory actions by the States of Colorado, Washington, Pennsylvania, California, Massachusetts,

North Carolina, New York, Iowa, Indiana, and Minnesota (arranged chronologically) barring sales of FIP Products in the respective States and sanctioning FIP for violations of applicable laws, rules and regulations of the respective States.

4. Attached hereto as Exhibit 3 is a true and correct copy of a screenshot from Securian's website, available at https://www.securian.com/contact-us/find-an-advisor (last accessed Mar. 31, 2021).

5. Attached hereto as Exhibit 4 is a true and correct copy of the transcript of the deposition of Securian 30 (b)(6) witness Seth Detert.

6. Attached hereto as Exhibit 5 is a true and correct copy of a screenshot from Securian's website, available at https://www.securian.com/products-services/life-insurance/universal-life-insurance.html (last accessed Nov. 6, 2019).

7. Attached hereto as Exhibit 8 is a true and correct copy of the "Illustration" sent to Larry Stospal by Securian.

8. Attached hereto as Exhibit 9 is a true and correct copy of the "Illustration" sent to Eleanor and Rocco Ciofoletti by Securian.

9. Attached hereto as Exhibit 10 is a true and correct copy of the Master Brokerage Agency agreement ("BGA") between Shurwest, LLC and SLIC (ML 653-660).

10. Attached hereto at Exhibit 11 is a copy of "Broker Sales Contract" (ML 692-700).

11. Attached hereto as Exhibit 12 is a copy of "Brokerage General Agency Agreement" (ML 0000671-681) between MLIC and Shurwest.

12. Attached hereto as Exhibit 13 is a true and correct copy of Broker Agreement between Shurwest and MLIC (ML 643-651).

13. Attached hereto as Exhibit 14 are excerpts from the deposition transcript of Christopher Dixon.

14. Attached hereto as Exhibit 15 is a true and correct copy of the "Producer Appointment " by MLIC for Mr. Stospal's financial advisor. (ML 1239-1253).

15. Attached hereto as Exhibit 16 is a true and correct copy of "Producer Appointment " by MLIC for the Ciofoletti's 's financial advisor. (ML 1343-1354).

16. Attached hereto as Exhibit 17 is a true and correct copy of Plaintiffs' Second Amended Class Action Complaint, ECF No. 94.

17. Attached as Exhibit 18 is a true and correct copy of the transcript of the deposition of Plaintiff Rocco Ciofoletti.

18. Attached hereto as Exhibit 19 is a true and correct copy of Detert Exhibit 5, an email regarding "IRA Reboot" (ML 0002292-93).

19. Attached hereto as Exhibit 20 are true and correct copies of Securian internal emails discussing "structured cash flows." (ML 1601-1603).

20. Attached hereto as Exhibit 21 is a true and correct copy of Detert Exhibit 9, Securian "policies and procedures" (ML788-813).

21. Attached hereto as Exhibit 22 is a true and correct copy of Detert Exhibit 10, Securian's 2017 "policies and procedures" (ML748-771).

22. Attached hereto as Exhibit 23 is a true and correct copy of the transcript of the deposition of Wade Allen.

23. Attached hereto as Exhibit 24 is a true and correct copy of materials describing the March 2017 presentation by speakers including Securian employee Wade Allen on "Premium financing" (ML 2330-2335; 2316-2327; 2935-36; 2517-2520; 2503-204).

24. Attached hereto as Exhibit 25 is a true and correct copy of the FIP "Amortization Schedule" for the Ciofoletti Plaintiffs.

25. Attached hereto as Exhibit 26 is a true and correct copy of the FIP "Amortization Schedule for the Plaintiff Stospal.

26. Attached hereto as Exhibit 27 is a true and correct copy of documents discussing FIP among defendants' personnel. (ML 2301-2302; 2305-2306; 2308-2313).

27. Attached hereto as Exhibit 28 is a true and correct copy of the January 8, 2016, United States Consumer Finance Protection Board's injunction order against FIP describing the illegal structured cash flow product sold to Plaintiffs and class members as a premium financing device to pay the premiums to MLIC and SLIC on policies sold to Plaintiffs and class members.

28. Attached hereto as Exhibit 29 is a true and correct copy of the transcript of the deposition of Eleanor Ciofoletti.

29. Attached hereto as Exhibit 30 is a true and correct copy of the transcript of the deposition of Larry Stospal.

30. Attached hereto as Exhibit 31 is a true and correct copy of what has been represented to be a list of policy purchasers who financed premiums for IUL policies with FIP products (ML 1485-1490).

31. Attached hereto as Exhibit 32 is a true and correct copy of a published report reporting that as many as 370 financial advisors may have sold FIP products to buyers of Securian insurance products. August 23, 2018, Investment News.

32. Attached hereto as Exhibit 33 is a true and correct copy of the Indexed Universal Life insurance policy plaintiff Ciofoletti purchased from Defendants and which was issued by MLIC (ML 0000001-0000055).

33. Attached hereto as Exhibit 34 is a true and correct copy of the Indexed Universal Life insurance policy plaintiff Stospal issued by Securian Defendants (ML 344-385).

34. Attached hereto as Exhibit 35 is a true and correct copy of the correspondence between the Ciofoletti's and Securian offering rescission and no release of claims.

35. Attached hereto as Exhibit 36 is a true and correct copy of Stospal's correspondence with Securian accepting rescission offers but not releasing any claims.

36. Attached hereto as Exhibit 37 is a true and correct copy of the Declaration of Eleanor Ciofoletti.

37. Attached hereto as Exhibit 38 is true and correct copy of the Declaration of Rocco Ciofoletti.

38. Attached hereto as Exhibit 39 is a true and correct copy of the Declaration of Larry Stospal.

39. Attached hereto as Exhibit 40 is a true and correct copy of the firm resume of Wexler & Wallace, LLP.

40. Attached hereto as Exhibit 41 is a true and correct copy of the firm resume of Squitieri & Fearon, LLP.

41. Attached hereto as Exhibit 42 is a true and correct copy of the firm resume of Gustafson Gluek, PLLC.

42. Attached hereto as Exhibit 43 is a true and complete copy of the agreement between Stospal and Future Income Products Inc. ("FIP") for Stospal's purchase of FIP Products (as that term is defined in the SAC).

43. Attached hereto as Exhibit 44 is a true and correct copy of Ciofoletti's FIP contract.

44. Attached hereto as Exhibit 45 is a true and correct copy of the Annual Policy Review Statement of Eleanor Ciofoletti stating her premiums paid and accrued values as of the date thereof.

45. Attached hereto as Exhibit 46 is a true and correct copy of the Annual Policy Review Statement of Larry Stospal stating his premiums paid and accrued values as of the date thereof.

I declare under penalty of perjury that the foregoing is true and correct. Executed at New York, New York, this 31st day of March, 2021.

*s/*Lee Squitieri  
Lee Squitieri