UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| ELEANOR and ROCCO CIOFOLETTI and LARRY STOSPAL, on behalf of themselves and all others similarly situated, | Case No. 18-cv-3025 (JNE/ECW) |
| Plaintiffs, | |
| v. | **AMENDED PRETRIAL SCHEDULING ORDER** |
| SECURIAN FINANCIAL GROUP, INC., MINNESOTA LIFE INSURANCE COMPANY, SHURWEST, LLC, SECURIAN LIFE INSURANCE COMPANY and MINNESOTA MUTUAL COMPANIES, INC., | |
| Defendants. | |

---

This case is before the Court on Plaintiffs' Motion for Amended Scheduling Order (Dkt. 257). On August 13, 2021, U.S. District Judge Joan N. Ericksen denied Plaintiffs' Motion for Class Certification because "Plaintiffs have not shown that common questions predominate on their breach of fiduciary duty claim" against the Securian Financial Group, Inc., Minnesota Life, Securian Life Insurance Company, Minnesota Mutual Companies, Inc. (collectively the "Securian Defendants"). (Dkt. 256 at 10.) As to Plaintiffs' aiding and abetting claim against Defendant Shurwest, LLC, Judge Ericksen denied class certification because:

> The first element of this claim requires proof that the Securian Defendants owed Plaintiffs a fiduciary duty and breached that duty. Because this

> essential element of the aiding and abetting claim cannot be proven on a class-wide basis for the reasons discussed above, Plaintiffs' proposed class cannot be certified on this claim. The individualized evidence that would need to be presented to establish a fiduciary duty between each class member and Securian would overwhelm any common questions about Shurwest's role in aiding and abetting Securian.

(*Id.* at 11.)

At the August 9, 2021 hearing on discovery and scheduling disputes, the undersigned directed the parties to file a joint proposed scheduling order within 10 days after the Order on Plaintiff's Motion for Class Certification. (*See* Dkt. 255.) On August 23, 2021, Plaintiffs and the Securian Defendants filed proposed amendments to the scheduling order, where Plaintiffs' proposed schedule "includes the limited additional discovery ordered by the Court [at the August 9 hearing] and the opportunity for Plaintiffs to file a renewed motion for class certification that addresses the issues raised by the Court in its order on Plaintiffs' motion for class certification" (Dkt. 259 at 1) and the Securian Defendants propose a schedule that does not permit Plaintiffs to file a renewed motion for class certification (Dkt. 262 at 1-2). Shurwest did not file a proposed schedule, and on August 31, 2021, filed a Suggestion of Bankruptcy stating that on the same date, it filed a petition for relief pursuant to Title 11 of the of the United States Code in the United States District Court for the District of Arizona, which "operates as an automatic stay of 'the commencement or continuation, including issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the

case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.'" (Dkt. 263 at 1-2 (citing 11 U.S.C. § 362(a).) Accordingly, the Court does not consider Shurwest with respect to the schedule it sets in this Order.

Plaintiffs argue that the discovery the Court ordered on August 9 "was unavailable for Plaintiffs' first motion for class certification" and "has the potential to resolve the issues [Judge Ericksen] identified as the reason for denying Plaintiffs' motion for class certification." (Dkt. 259 at 2.) In other words, now that Plaintiffs have the benefit of Judge Ericksen's ruling, they would like to amend the pretrial scheduling order to give them another chance at class certification. Plaintiffs filed their class certification motion on March 31, 2021 (Dkt. 195), and do not explain in their Motion for Amended Scheduling Order why they did not seek to continue their deadline for doing so if they believed they did not have the discovery they needed for the class certification motion.

Under Rule 16(b), a schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Similarly, Local Rule 16.3 states: "A party that moves to modify a scheduling order must: (1) establish good cause for the proposed modification . . . ." D. Minn. LR 16.3(b)(1). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716-17 (8th Cir. 2008) (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)); *see also* Fed. R. Civ. P. 16(b), advisory committee note (1983 Amendment) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.").

3

"The good cause standard of Rule 16(b) is an exacting one, for it demands a demonstration that the existing schedule cannot reasonably be met despite the diligence of the party seeking the extension." *IBEW Loc. 98 Pension Fund v. Best Buy Co., Inc.*, 326 F.R.D. 513, 522 (D. Minn. 2018) (cleaned up). The "exacting" standard set by Rule 16(b) requires that a moving party first make the requisite good cause showing. *E.E.O.C. v. Hibbing Taconite Co.*, 266 F.R.D. 260, 265 (D. Minn. 2009). Even then, however "the district court retains discretion as to whether to grant the motion." *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001).

Because scheduling orders are "a vehicle designed to streamline the flow of litigation through [the Court's] crowded docket[]," the Court does not take such orders lightly and, where good cause to modify has not been shown, "will enforce them." *Id.* "While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, [a court] will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." *Sherman*, 531 F.3d at 717 (citing *Bradford*, 249 F.3d at 809).

This case has been pending since October 26, 2018. (Dkt. 1) Plaintiffs have not set forth any basis in their Motion for Amended Scheduling Order that would permit the Court to find they were diligent in pursuing the discovery ordered at the August 9 hearing such that they should be permitted to file a second class certification motion after that discovery is completed. Plaintiffs assert, "Both those categories of discovery had been requested long before the class certification briefing schedule began but had not yet been produced by that time," but do not explain why, if the discovery had been requested long

4

before class certification briefing began, they did not seek relief from the Court earlier or seek an extension of the March 31, 2021 deadline to seek class certification. Further, Plaintiffs' assertion that the discovery ordered on August 9 would alter Judge Ericksen's conclusion as to class certification is speculative at this point in time. (*See* Dkt. 259 at 1 ("The discovery that the Court ordered on August 9, 2021, and that was unavailable for Plaintiffs' first motion for class certification **has the potential** to resolve the issues the Court identified as the reason for denying Plaintiffs' motion for class certification.") (emphasis added).) Accordingly, based on the record before the Court, the Motion for Amended Scheduling Order is **DENIED** insofar as Plaintiffs seek leave to bring a second class certification motion.[1]

However, the Court still needs to set a schedule for the remainder of the case. Having considered Plaintiffs' and the Securian Defendants' respective proposals (Dkts. 261 & 262, Ex. A), **IT IS ORDERED** that the following schedule will govern the remainder of these proceedings as to Plaintiffs and the Securian Defendants.

**FACT DISCOVERY**

1. Fact discovery shall close on or before **September 10, 2021**.
2. The parties shall comply with all orders and may conduct all discovery allowed as set forth in Dkts. 233 and 255.

---

[1] Pursuant to Local Rule 7.1(b), the Court decides this motion without a hearing.

**DEADLINE FOR NON-CLASS CERTIFICATION EXPERT DISCOVERY**

If any party determines that it will call any expert witness at trial whose opinions and report have not already been disclosed in the class certification stage of the action, the following schedule will govern such additional expert discovery:

1. Plaintiffs anticipate calling up to 3 experts. The Securian Defendants anticipate calling up to 3-4 experts. Each expert may be deposed only once and only for the time permitted under the Federal Rules of Civil Procedure, unless the parties agree otherwise or otherwise ordered by the Court.

2. Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B) (accompanied by the written report prepared and signed by the expert witness) and the full disclosures required by Rule 26 (a)(2)(C), shall be made as follows:

    a) Identities of testifying experts and disclosures by the party with the burden of proof on or before **October 11, 2021**.

    b) Rebuttal identities of testifying experts and disclosures on or before **November 12, 2021**.

3. Expert discovery, including depositions, shall be completed by **December 22, 2021**.

**NON-DISPOSITIVE MOTION DEADLINES**

The parties propose the following deadlines for filing non-dispositive motions:

1. All non-dispositive motions and supporting documents relating to the fact discovery ordered at the August 9, 2021 hearing shall be filed and served on or before: **September 24, 2021**.

**2.** All non-dispositive motions and supporting documents that relate to expert discovery shall be filed and served on or before: **January 5, 2022**.

**DISPOSITIVE MOTION DEADLINES**

All dispositive motions and supporting documents (notice of motion, motion, memorandum of law, affidavits and proposed order) shall be filed and served on or

before **February 22, 2022**. Counsel for the moving party shall call Judge Ericksen's Courtroom Deputy at 612-664-5890 to schedule the hearing for the dispositive motion. Upon receipt of a hearing date (or an instruction that the hearing will take place at a date and time to be determined by the Court), the moving party shall immediately file and serve the dispositive motions and supporting documents.

The parties shall comply with Local Rule 7.1 and the Electronic Case Filing Procedures Guide, Civil Cases. When a motion, response or reply brief is filed on ECF, two paper courtesy copies of the pleading and all supporting documents shall be mailed or delivered to Judge Ericksen's Courtroom Deputy, at the same time as the documents are posted on ECF.

**SETTLEMENT**

Counsel are ordered to consult with their clients regarding settlement and to meet and confer in person or on the phone regarding settlement on or before **September 13, 2021**. Each party shall email Magistrate_Wright_Chambers@mnd.uscourts.gov an ex parte letter setting forth their position as to when a settlement conference before the Court would be productive on **September 17, 2021**.

The Court may sua sponte schedule status conferences or settlement conferences to explore options for alternative dispute resolution. In addition, the Court will in its discretion consider joint or *ex parte* requests that the Court schedule or otherwise assist in settlement negotiations, provided that the content of any *ex parte* request shall be strictly limited to the topic of settlement and shall not comment on any matter that may come before the Court for a ruling. Such requests shall be submitted by email to

Magistrate_Wright_Chambers@mnd.uscourts.gov. The Court will treat *ex parte* requests as confidential unless otherwise advised.

**TRIAL**

The case will be ready for a **jury** trial on or about **June 20, 2022**. The anticipated length of trial is **8-14** days.

Dated: September 1, 2021

*s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge